Argued and submitted April 18, reversed and remanded June 20, 2001

JEREMY DUGGER,
*Appellant,*

*v.*

Robert H. SCHIEDLER,
Superintendent,
Two Rivers Correctional Institution,
*Respondent.*

CV000151; A111348

27 P3d 498

Harrison Latto argued the cause and filed the brief for appellant.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were

Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, Deits, Chief Judge, and Brewer, Judge.

BREWER, J.

**BREWER, J.**

■ Plaintiff appeals from a judgment dismissing his petition for a writ of habeas corpus. ORS 34.680(1). He argues that his imprisonment for two felony convictions was unlawfully extended when the Department of Corrections (DOC) refused to apply earned-time credits to his sentences. Defendant responds that, under ORS 137.707 (1995), plaintiff was not eligible for earned-time credits and, therefore, plaintiff was properly imprisoned for the entire length of his incarcerative sentences. We review the record in the light most favorable to plaintiff and for errors of law. *Fort v. Palmateer*, 169 Or App 568, 570, 10 P3d 291 (2000). We reverse and remand.

In 1996, plaintiff was convicted of second-degree kidnapping, ORS 163.225, and second-degree robbery, ORS 164.405. Both crimes were Measure 11[1] offenses, and each involved the use of a firearm. At the time the offenses were committed, plaintiff was 17 years old. Therefore, he was prosecuted under ORS 137.707, the Measure 11 statute authorizing the prosecution of certain 15-, 16-, and 17-year-old offenders as adults. At sentencing, the court held Measure 11 unconstitutional and refused to impose the minimum 70-month prison sentences required for plaintiff's convictions by ORS 137.707(4)(a)(i) and (r). Instead, the court sentenced plaintiff to a 60-month gun minimum term of imprisonment on the kidnapping conviction, ORS 161.610,[2] and to a concurrent probationary sentence under the sentencing guidelines on the robbery conviction. On appeal, we affirmed plaintiff's

---

[1] Ballot Measure 11 is codified in ORS 137.700-ORS 137.707. We refer to "Measure 11" when addressing ORS 137.700-ORS 137.707 as a whole. Otherwise we refer to its specific sections. Unless otherwise noted, statutory references are to the 1995 versions of Measure 11 and the other statutes referred to in this opinion.

[2] ORS 161.610 provides, in part:

"(3) * * * if a defendant is convicted of a felony having as an element the defendant's use or threatened use of a firearm during the commission of the crime, the court shall impose at least the minimum term of imprisonment as provided in subsection (4) of this section. Except as provided in ORS 144.122 and 144.126 and subsection (5) of this section, in no case shall any person punishable under this section become eligible for work release, parole, temporary leave or terminal leave until the minimum term of imprisonment is served, less a period of time equivalent to any reduction of imprisonment granted for good time served or time credits earned under ORS 421.121 * * *.

convictions without opinion. *State v. Dugger*, 148 Or App 635, 939 P2d 678, *rev den* 326 Or 58 (1997). The state did not cross-appeal from the sentencing court's ruling on the constitutionality of Measure 11 or from the sentences imposed.

After plaintiff's prison sentence was executed, DOC determined, based on ORS 137.707(2),[3] that plaintiff was ineligible for earned-time credits. As a result, DOC set plaintiff's release date for February 25, 2001. According to plaintiff, the proper application of earned-time credits entitled him to release on February 15, 2000—almost one year earlier than the date determined by DOC.[4] Defendant responds that the sentencing court did not intend to invalidate Measure 11 in its entirety and, specifically, that it did not intend to invalidate the prohibition of early release contained in ORS 137.707(2). Therefore, defendant concludes, DOC "correctly * * * determined that plaintiff is ineligible for earned-time credits under ORS 421.121 because such credits are barred by ORS 137.707(2)."

The parties agree that the sentencing court's ruling that Measure 11 was unconstitutional is not consistent with subsequent case law. *See, e.g., State ex rel Huddleston v. Sawyer*, 324 Or 597, 932 P2d 1145, *cert den* 522 US 994 (1997); *State v. Lawler*, 144 Or App 456, 927 P2d 99 (1996), *rev den* 326 Or 390 (1998). However, the state did not appeal

---

"(4) The minimum terms of imprisonment for felonies having as an element the defendant's use or threatened use of a firearm in the commission of the crime shall be as follows:

"(a) * * * upon the first conviction for such felony, five years * * *."

[3] ORS 137.707(2) provides, in part:

"When a person charged under this section iş convicted of an offense listed in subsection (4) of this section, the court shall impose at least the presumptive term of imprisonment provided for the offense in subsection (4) of this section. The court may impose a greater presumptive term if otherwise permitted by law, but may not impose a lesser term. The person is not, during the service of the term of imprisonment, eligible for release on post-prison supervision or any form of temporary leave from custody. *The person is not eligible for any reduction in the sentence for any reason under ORS 421.121 or any other provision of law.*" (Emphasis added.)

[4] It is true that under either view, plaintiff has already completed his prison term for the conviction offenses. However, because the termination date for plaintiff's term of post-prison supervision depends on the proper determination of the date on which his incarceration term expires, the case is not moot. *See Baty v. Slater*, 161 Or App 653, 657, 984 P2d 342 (1999), *rev den* 331 Or 191 (2000).

from that ruling, and defendant does not contend that DOC was free to ignore it in executing plaintiff's sentence. Thus the decisive issue, as framed by the unusual circumstances of this case, is whether the sentencing court invalidated only a portion of Measure 11's sentencing scheme with respect to plaintiff's sentences.

■ Defendant argues that the court did not intend to invalidate Measure 11 in its entirety because it did not return the case to juvenile court—where it would have been prosecuted but for Measure 11—but, instead, sentenced plaintiff as an adult. Defendant contends that we should infer from that omission that the court meant to declare unconstitutional only the minimum prison term provisions of ORS 137.707. Defendant's argument also assumes that Measure 11 consists of three *separate* components: (1) a scheme for juveniles accused of committing any of the subject offenses, ORS 137.707; (2) mandatory minimum sentences for all offenders convicted of those offenses, ORS 137.700(2), ORS 137.707(2) and (4); and (3) ineligibility for any form of early release, including earned-time credits under ORS 421.121, of any adult or juvenile offender convicted of a subject crime, ORS 137.700(1), ORS 137.707(2). According to defendant, the sentencing court declared unconstitutional only the mandatory minimum prison term component of Measure 11, leaving the "no sentence reduction" component intact. *See* ORS 174.040 (directing that if any part of a statute is held unconstitutional, the remaining parts shall generally remain in force). For the following reasons, we disagree.

First, we can only speculate about why the sentencing court did not return plaintiff to juvenile court for disposition or waiver to adult court after concluding that Measure 11 was unconstitutional. There is no suggestion in the record that either party raised the issue or that the court even considered it. We cannot infer that the trial court intended to invalidate only part of Measure 11 when it is also plausible that the court merely overlooked returning the case to juvenile court.[5]

---

[5] Although at first blush it might seem otherwise, the problem here is not one of jurisdiction. Because Measure 11 is not unconstitutional, the sentencing court

Second, even assuming that Measure 11 contains severable components, there is no basis in the record to infer that the sentencing court intended to invalidate only a portion of its sentencing scheme. In fact, the opposite is true. In explaining its decision, the court stated:

"It is my belief and my legal opinion that *the sentencing scheme*, the mandatory sentencing scheme that's envisioned and written into the so-called Ballot Measure Eleven law is unconstitutional in that it's contrary to the separation of powers. * * *

"I would say that the question of * * * what is unconstitutional, the mandatory application of the stated penalties or *the entire sentencing scheme*, it is my legal opinion that *the sentencing scheme is unconstitutional*, as well as the mandatory application, which, it seems to me, leaves us in this case with the sentencing guidelines and we must, of course, deal with the so-called gun minimum." (Emphasis added.)

Regardless of whether the court deemed *all* of Measure 11 to be constitutionally infirm, it expressly concluded that the *entire sentencing scheme* was invalid. The court did not distinguish among various features of that scheme but, instead, altogether refused to sentence plaintiff under it. The prohibition of early release is an integral part of the Measure 11 sentencing scheme. It is illogical to infer that, despite rejecting the entire sentencing scheme of Measure 11, the court intended to preserve a provision of that scheme requiring that the entire term imposed actually be served.

Finally, plaintiff's eligibility for early release must be determined in accordance with the statutes under which he actually *was* sentenced. The court stated that it was following "the sentencing guidelines" and the "gun minimum" statute in sentencing plaintiff. In the judgment of conviction, the court classified plaintiff at level "9-I" for the kidnapping conviction and "6-I" for the robbery conviction. Under the sentencing guidelines, the kidnapping conviction carried a presumptive sentence of 34 to 36 months' imprisonment and

---

had jurisdiction to sentence defendant as an adult, even though, under the court's reasoning, defendant should have been returned to juvenile court for disposition, subject only to the possibility of waiver to adult court under ORS 419C.349.

the robbery conviction carried a presumptive term of probation. Because the gun minimum statute required 60 months' imprisonment, the court sentenced plaintiff for that term on the kidnapping charge.

As noted, a juvenile sentenced under Measure 11 is "not eligible for any reduction in the sentence for any reason under ORS 421.121 or any other provision of law." ORS 137.707(2). However, a person sentenced under the sentencing guidelines for a felony conviction "shall be eligible for a reduction in the term of incarceration for appropriate institutional behavior." ORS 421.121(1). Furthermore, the gun minimum statute specifically permits reduction of a person's sentence by "a period of time equivalent to any reduction of imprisonment granted for *good time served or time credits earned* under ORS 421.121." ORS 161.610(3) (emphasis added).

Defendant's argument assumes that, although the court sentenced plaintiff under the sentencing guidelines and the gun minimum statute, it nevertheless intended to apply the sentence reduction prohibition of Measure 11. That assumption depends on the premise that the sentencing court meant to apply a portion of an entire sentencing scheme that it expressly repudiated. That premise is inconsistent with the sentencing court's expressed intent. For the foregoing reasons, we conclude that the habeas corpus trial court erred in dismissing plaintiff's petition.

Reversed and remanded.