On respondent's motion to dismiss appeal as moot filed April 18, motion to dismiss denied October 23, 1991

OLONZIE CLEMMAN,
*Appellant,*

*v.*

R. L. WRIGHT,
*Respondent.*

(89-895; CA A63838)

819 P2d 327

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Janet A. Klapstein, Assistant Attorney General, Salem, for the motion.

George W. Kelly, Eugene, *contra.*

Before Rossman, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

■ Plaintiff appeals from the dismissal of his petition for a writ of *habeas corpus* in which he alleges that his confinement at Eastern Oregon Correctional Institution is illegal, because no sex offender treatment program is available at that institution. Respondent moves to dismiss the appeal as moot, because plaintiff has now been transferred to Oregon State Correctional Institution, where sex offender treatment programs are available. Plaintiff asserts that he has not been permitted to enter a treatment program since the transfer. Plaintiff alleges that denial of treatment is cruel and unusual punishment and a violation of his right to equal protection under the Oregon and United States Constitutions, because the Board of Parole will continue to deny him a reduction in the time he must serve until he obtains treatment.

■ The availability of relief under a writ of *habeas corpus* is not defeated by a transfer of custody from one correctional facility to another while an appeal is pending. To hold otherwise would thwart the jurisdiction of the appellate court. *Anderson v. Britton,* 212 Or 1, 5, 318 P2d 291 (1957).[1]

Motion to dismiss denied.

---

[1] Although *Anderson* predates the enactment of the Post-Conviction Relief Act, ORS 138.510 to ORS 138.680, and many legislative and judicial changes in *habeas corpus* law, we are bound by it unless and until the Supreme Court modifies or overrules it.