Submitted on record and briefs December 2, 1996, reversed and remanded with instructions in part; otherwise affirmed February 26, 1997

JOHN B. SHELTON,
*Appellant,*

*v.*

Nicholas ARMENAKIS,
Superintendent,
Oregon State Correctional Institution;
Jerry Smith, Health Service Manager, OSCI;
Board of Parole & Post-Prison Supervision;
Oregon Department of Corrections,
*Respondents.*

(95C-13761; CA A93465)

934 P2d 512

Jay Edwards filed the brief for appellant.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Christine Chute, Assistant Attorney General, filed the brief for respondents.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

**DEITS, P. J.**

Plaintiff, an inmate at Oregon State Correction Institute, appeals the trial court's dismissal of a writ of habeas corpus in which he alleged that the state had failed to provide reasonable medical care and that his incarceration was extended by two years in violation of statutory and constitutional *ex post facto* rules. ORS 34.680(1).

In December 1995, plaintiff filed a petition for a writ of habeas corpus. The court issued the writ. Defendant filed a return alleging that plaintiff was lawfully incarcerated. Plaintiff then filed a replication alleging that the state failed to provide adequate treatment of his ailment, morbid obesity, and thus violated Article I, section 16, of the Oregon Constitution and the Eighth Amendment to the United States Constitution. It is asserted in plaintiff's replication that defendant "has refused or is unable to provide the adequate medical services and care" that plaintiff needs in accordance with community standards. Specifically, plaintiff alleges that:

> "The plaintiff has medical needs as a result of suffering from Cellulitis and excessive weight—petitioner weighs approximately 500 lbs—that are endangering [his] health by placing [his] legs, ankles and feet in jeopardy of being lost."

Defendant responded to the replication by moving to dismiss. The motion was supported by an affidavit from Dr. Shelton, as well as copies of plaintiff's medical records. Shelton, who was one of the four doctors who treated plaintiff for the symptoms related to his obesity, indicates in the affidavit that plaintiff was seen and treated numerous times. Shelton notes that plaintiff frequently was told that he must lose weight in order to save his extremities and that he must purchase and wear support hose to slow down the progress of the symptoms. Shelton also stated that plaintiff continues to gain weight and refuses to purchase or wear the support hose. Shelton states in the affidavit that plaintiff is receiving medical care "that is appropriate for his condition and which meets community standards."

■■ The trial court granted defendant's motion to dismiss, to which plaintiff assigns error. We review the dismissal of a petition for habeas corpus for errors of law. *Bedell v. Schiedler*, 307 Or 562, 564, 770 P2d 909 (1989). To state a cognizable claim for relief under Article I, section 16, of the Oregon Constitution, a prisoner must allege the existence of "a serious medical need that has not been treated in a timely and proper manner *and* that prison officials have been deliberately indifferent to the prisoner's serious medical needs." *Billings v. Gates*, 323 Or 167, 180-81, 916 P2d 291 (1996). (Emphasis supplied.)

■ Defendant agrees that plaintiff suffers from a serious medical condition. It contends, however, that plaintiff has failed to controvert the evidence submitted by defendant that his condition has been treated in a timely and proper manner and that defendant has not been deliberately indifferent to his medical needs. We agree.

■ As the court held in *Billings*, deliberate indifference to a prisoner's serious medical needs is the "unnecessary and wanton infliction of pain[.]" 323 Or at 181. It is not simply a failure to prescribe a course of treatment that the prisoner would prefer, or even that which another doctor might prescribe. *Id.* An "honest difference of medical opinion about correct diagnosis and necessary treatment" does not satisfy that element of the test. *Id.*

Plaintiff's contention here, essentially, is that the treatment provided him is completely inadequate. He asserts that no health care provider would simply tell someone in plaintiff's condition to "lose weight." However, he does not offer any evidence to support that contention. He does not provide the name of any doctors who would so testify or direct the court to any other authority, such as medical treatises, to support his allegations that a recommendation by a doctor to lose weight without providing a specific diet and exercise plan or some other nebulous "treatment plan" or "response to the core problem" would be considered necessary treatment in the medical community. Plaintiff has failed to controvert defendant's evidence, which shows that defendant has treated plaintiff in a timely and proper manner and has not been deliberately indifferent to his medical needs.

Defendant's motion to dismiss here is the functional equivalent of a motion for summary judgment. *McClintock v. Schiedler*, 123 Or App 334, 336, 859 P2d 580 (1993). Plaintiff has failed to support his allegations with evidence at this stage of the proceedings and, accordingly, the trial court did not err in granting defendant's motion to dismiss on that claim. *Rios v. Mazur-Hart*, 124 Or App 193, 194, 859 P2d 1204 (1993).

■     Plaintiff also argues that the Board of Parole Post-Prison Supervision (Board) applied the 1993 version of ORS 144.125(3) to extend his term of incarceration by two years in violation of the *ex post facto* clauses of the Oregon and United States Constitutions. Plaintiff originally had been scheduled to be released on February 18, 1995. The Board extended his release date to February 18, 1997. Defendant concedes, and we agree, that, if the Board applied the 1993 version of the statute, we must remand to the trial court for it to direct the Board to order plaintiff's release, unless the Board determines that parole should be postponed under the earlier version of ORS 144.125(3). *Meadows v. Schiedler*, 143 Or App 213, 221, 924 P2d 314 (1996).

Reversed and remanded with instructions to remand to Board of Parole and Post-Prison Supervision for reconsideration of the extension of plaintiff's release date; otherwise affirmed.