Argued and submitted March 1, reversed and remanded July 7, 1999

## WAYNE P. MCGEE,
*Appellant,*

*v.*

## Dan JOHNSON,
Superintendent,
Snake River Correctional Institution,
*Respondent.*

(95-08-27505M; CA A90936)

984 P2d 341

Kathleen M. Correll argued the cause and filed the opening brief for appellant. Wayne P. McGee filed the supplemental brief *pro se*.

Mary H. Williams, Assistant Solicitor General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Brewer, Judge.

LANDAU, P. J.

## LANDAU, P. J.

At issue in this case is whether a trial court properly may dismiss a petition for a writ of habeas corpus on the ground that the court loses jurisdiction when a plaintiff is transferred to a corrections facility located in another county. We conclude that the change in physical location of a habeas plaintiff does not divest the trial court of jurisdiction over the matter.

Plaintiff was in the custody of the Snake River Correctional Institution (SRCI), located in Malheur County. He filed a petition for a writ of habeas corpus in Malheur County Circuit Court, alleging that SRCI staff unlawfully had seized legal materials pertaining to his direct appeal. The trial court issued a writ, and the state filed a return. Meanwhile, the Department of Corrections transferred plaintiff to the Eastern Oregon Correctional Institution, located in Umatilla County. Plaintiff moved for a change of venue and for substitution of counsel, based on his transfer. The trial court denied the motion, but, on its own motion, ordered the case dismissed for lack of jurisdiction.

Plaintiff appeals, arguing that the trial court erred in dismissing his petition for lack of jurisdiction. He argues that, once a writ of habeas corpus issues, the trial court assumes jurisdiction of the matter until it is resolved. The state concedes that the trial court erred in dismissing the petition for want of jurisdiction.

ORS 34.320 provides that "[t]he circuit court of the judicial district wherein the party is imprisoned or restrained, * * * shall have * * * jurisdiction of proceedings by habeas corpus" and that the court has jurisdiction to "hear and decide all questions arising upon habeas corpus." The statute does not provide that, once that jurisdiction has vested in the circuit court, it evaporates upon the transfer of a plaintiff to another county.

In *Anderson v. Britton*, 212 Or 1, 5, 318 P2d 291 (1957), *cert den* 356 US 962, 78 S Ct 999, 2 L Ed 1068 (1958), the Supreme Court held that the availability of habeas relief

is not defeated by a physical transfer of the plaintiff during the pendency of an appeal:

> "We are of the opinion * * * that the function of habeas corpus cannot be defeated by a transfer of custody after a ruling in the trial court and pending appeal to this court. To hold otherwise would permit the jurisdiction of the court to be thwarted after it has once attached."

The court noted that, at common law, the authority of the court in habeas cases vested upon the issuance of a writ and continued "until the proceedings on the writ were finally determined." *Id.* at 5-6. More recently, in *Clemman v. Wright*, 109 Or App 325, 326, 819 P2d 327 (1991), we held that a transfer of custody does not divest the court of jurisdiction to order habeas relief. We cited as authority the Supreme Court's decision in *Anderson*. *Id.* We noted that *Anderson* predated the enactment of the Post-Conviction Relief Act, but concluded that the decision nevertheless was controlling. *Id.* n 1.

It is no less controlling in this case. The only difference between this case and *Anderson* and *Clemman* is that the transfer of custody took place earlier in this proceeding. The fact remains that jurisdiction vested upon the issuance of the writ and cannot be divested merely upon a change in the physical location of a plaintiff. To be sure, in some cases, a change in location may render a plaintiff's claims moot, depending on the nature of the allegations and the extent to which they are dependent on specific conditions at a particular institution. But the mere change in physical location of a plaintiff, in and of itself, does not deprive the court of jurisdiction to proceed with the habeas claim.

In a supplemental brief, filed *pro se*, petitioner additionally complains about the appointment and adequacy of trial counsel and the imposition of a $25 filing fee. In light of our disposition of the dismissal, we need not address plaintiff's concerns about counsel; those matters may be addressed on remand. As to the filing fee, plaintiff did not complain about that matter to the trial court, and we decline to address it for the first time on appeal.

Reversed and remanded.