Argued and submitted April 23, 2001, reversed and remanded July 24, 2002

WAYNE P. McGEE,
*Appellant,*

*v.*

George H. BALDWIN,
Superintendent,
Eastern Oregon Correctional Institution,
*Respondent.*

CV95-1219, CV96-1035, CV96-0342,
CV96-0608, CV96-0758, CV96-1034;
A98965 (Control), A98966, A98984,
A98985, A98986, A98987
(Cases Consolidated)

51 P3d 614

D. Olcott Thompson argued the cause and filed the briefs for appellant. With him on the supplemental brief and reply brief was Wayne P. McGee, *pro se*.

Richard D. Wasserman, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Deits, Chief Judge, and Landau* and Brewer, Judges.

DEITS, C. J.

---

* Landau, J., *vice* Van Hoomissen, S. J.

## DEITS, C. J.

In these habeas corpus proceedings, which have been consolidated on appeal, plaintiff appeals from judgments entered after the trial court dismissed his petitions. We reverse and remand.

Plaintiff filed six petitions for writs of habeas corpus in Umatilla County Circuit Court against defendant, the superintendent of the correctional institution in Umatilla County where plaintiff was then incarcerated. After he had filed the petitions, plaintiff was transferred to the Oregon State Penitentiary, which is located in Marion County. Defendant moved to dismiss the petitions on the basis that the transfer deprived the trial court of jurisdiction. The trial court granted the motions.

On appeal, plaintiff argues that the trial court erred in dismissing the petitions, relying on *McGee v. Johnson*, 161 Or App 384, 387, 984 P2d 341 (1999). In *McGee*, the trial court had similarly dismissed the plaintiff's petition after the transfer of the plaintiff to a corrections facility in another county. We reversed, explaining that ORS 34.320 (1997), the statute setting out circuit court jurisdiction in habeas corpus proceedings, "does not provide that, once * * * jurisdiction has vested in the circuit court, it evaporates upon the transfer of a plaintiff to another county." *McGee*, 161 Or App at 386. Based on *McGee*, the state concedes that the dismissal was erroneous. We agree that, under the reasoning in *McGee*, the transfer of a habeas corpus plaintiff does not automatically deprive the court of jurisdiction over habeas corpus proceedings.

However, as we explained in *McGee*, although dismissal is not automatically required because of a transfer, "a change in location may render a plaintiff's claims moot, depending on the nature of the allegations and the extent to which they are dependent on specific conditions at a particular institution." *Id.* at 387. The 1999 Legislative Assembly recognized as much when it amended ORS 34.320[1] by adding the emphasized wording:

---

[1] We need not decide whether the 1999 amendments to ORS 34.320 apply retroactively, because our analysis and the result are the same under either version of that statute.

> "The circuit court of the judicial district wherein the party is imprisoned or restrained * * * shall have * * * jurisdiction of proceedings by habeas corpus, and * * * may issue, hear and decide all questions arising upon habeas corpus. *If a plaintiff has filed a petition in a court with jurisdiction over the proceedings, and the plaintiff is thereafter transferred to a place that is outside of the jurisdiction of that court, the court shall transfer the proceedings to the circuit court for the judicial district in which the party is imprisoned or restrained. If the court in which the petition was filed determines that by reason of the plaintiff's transfer the claims of the plaintiff do not require immediate judicial scrutiny, or are otherwise subject to dismissal, the court shall dismiss the petition.*"

As we did in *McGee*, we remand to the trial court for consideration of whether transfer to another judicial district or dismissal, based on the allegations of each individual petition, is warranted.

■      Plaintiff raises several other assignments of error. We affirm on all but one assignment without further discussion. We address the remaining assignment, because it may arise on remand. In each of these consolidated cases, a $25 filing fee for the petition was required. ORS 34.340 (petition for writ of habeas corpus must be accompanied by $25 filing fee). In each case, plaintiff filed an affidavit of indigency with his petition. The trial court allowed the petitions to be filed without the filing fees, but deferred the fees and charged them against plaintiff's inmate trust account. *See* ORS 34.365. In three of the cases (CV95-1219, CV96-0342, and CV96-0608), plaintiff filed objections to the imposition of the filing fees, arguing that the fees unconstitutionally impair his right of access to the courts as protected by the Fourteenth Amendment to the United States Constitution. In two of those cases (CV95-1219 and CV96-0342), the trial court denied the objections after a hearing. In the third case, the trial court dismissed the petition without having ruled on plaintiff's objections.

Plaintiff argues that the trial court erred in denying his objections. He relies on several United States Supreme Court cases for the proposition that impeding access to the courts is a due process violation. He argues that application

of ORS 34.340 and ORS 34.365 to him has the effect of impeding his access to the courts and reasons that application of those statutes to him accordingly violates his rights under the Fourteenth Amendment.

As noted above, ORS 34.340 states that a petition for a writ of habeas corpus must be accompanied by a $25 filing fee. ORS 34.365 provides:

"(1) Any court of the State of Oregon may authorize the filing of a petition for a writ of habeas corpus by or on behalf of any person imprisoned or otherwise restrained of liberty by virtue of a charge or conviction of crime without payment of the filing fees therefor, if such person presents to the court or judge thereof satisfactory proof, by affidavit and as otherwise required by such judge, that the person is unable to pay such fees.

"(2) Notwithstanding the fact that a court has authorized the filing of a petition without payment of the filing fee required by ORS 34.340, the fee may be drawn from, or charged against, the plaintiff's trust account if the plaintiff is an inmate in a correctional facility."

Plaintiff is correct that inmates have a constitutional right of access to the courts. *See, e.g., Bounds v. Smith*, 430 US 817, 821, 97 S Ct 1491, 52 L Ed 2d 72 (1977). However, as the United States Supreme Court has explained, an inmate asserting a denial of that right of access must show actual injury. *Lewis v. Casey*, 518 US 343, 349, 116 S Ct 2174, 135 L Ed 2d 606 (1996). The Fourteenth Amendment requires "meaningful" access to the courts; to establish unconstitutional restriction of that access, an inmate must show that "the alleged shortcomings * * * hindered his efforts to pursue a legal claim." *Id.* at 351. We conclude that the application of ORS 34.340 and ORS 34.365 to plaintiff has not hindered his efforts to pursue his habeas corpus claims. Plaintiff's claims were not rejected for lack of the filing fee, nor has his ability to pursue those claims been restricted because he did not pay the fee. Under ORS 34.365, plaintiff will be able to litigate his claims regardless of his failure to pay the fee. It may be that, should there be money available in plaintiff's inmate trust account, that money will be used to satisfy the filing fees. *See* ORS 179.530 (governing disbursements from inmate trust

accounts). Such payment, however, does not constitute a hindrance to plaintiff's ability to pursue his claims.

Plaintiff argues that this case is similar to *Smith v. Bennett*, 365 US 708, 713, 81 S Ct 895, 6 L Ed 2d 39 (1961), in which the Court held that the requirement of a filing fee violated the petitioner's right of access to the court. In that case, an Iowa state court refused to file the petitioner's habeas corpus petition because the petitioner had not remitted the statutory filing fee even though the petitioner had submitted a petition to proceed *in forma pauperis*. Here, however, plaintiff's petitions were filed without filing fees having been paid. In fact, Oregon's procedure under ORS 34.365 follows that suggested by *Smith*: allowing a habeas corpus petition to be filed without a fee when an inmate establishes that he or she lacks funds. ORS 34.365(1). That ORS 34.365(2) further entitles the state to draw the filing fee from an inmate trust account, should funds later become available, does not constitute a financial hurdle that unconstitutionally conditions plaintiff's right to pursue habeas corpus relief. *See Smith*, 365 US at 713.

■     Plaintiff further argues that the application of ORS 34.365(2) to him has had the indirect effect of restricting his access to the courts because it has resulted in the depletion of his inmate trust account, which in turn has left him with insufficient money to pay for photocopies and eyeglasses that he asserts would aid him in pursuing his claims. Assuming that the causation alleged by plaintiff exists, those kinds of injuries are not adequate to establish deprivation of access to the courts. As the Court explained in *Lewis*, the kind of injury required to establish deprivation of the right of access to the courts must be fatal to a claim. 518 US at 351 (for example, dismissal of complaint or inability to file a complaint). It is not enough to show that it is more difficult than it might be for an inmate to pursue a claim. *Id.* at 354 (expressly disavowing any suggestion that inmates have constitutional right to litigate effectively once in court).

Reversed and remanded.