571

Argued and submitted April 8, affirmed November 16, 2005

CHARLES M. KEENAN,
*Appellant,*

*v.*

Guy HALL,
Superintendent,
Two Rivers Correctional Institution,
*Respondent.*

CV03-0516; A124379

123 P3d 812

Vicki R. Vernon argued the cause for appellant. On the brief was Bob Pangburn.

Ryan P. Kahn, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Wollheim, Presiding Judge, and Edmonds* and Schuman, Judges.

WOLLHEIM, P. J.

___

* Edmonds, J., *vice* Richardson, S. J.

## WOLLHEIM, P. J.

Plaintiff appeals the trial court's dismissal of the writ of habeas corpus, assigning error to the trial court's dismissal of his claim on the ground that it was moot. We review a trial court's dismissal of a writ of habeas corpus for errors of law, *Shelton v. Armenakis*, 146 Or App 521, 524, 934 P2d 512 (1997), and affirm.

The parties do not dispute the pertinent facts. While an inmate at the Eastern Oregon Correctional Institution (Eastern Oregon), plaintiff injured his knee and thereafter experienced chronic pain. Eastern Oregon's medical staff provided conservative treatment, including rest, ice, a knee brace, and anti-inflammatory medicines. Plaintiff testified that Eastern Oregon's doctor had scheduled a steroid injection for his knee, but before that occurred, plaintiff was transferred to the Two Rivers Correctional Institution (Two Rivers). While at Two Rivers, plaintiff's knee was examined and again conservatively treated by Two Rivers's medical staff. Plaintiff repeatedly requested more intensive treatment—including an MRI, examination by an orthopedic specialist, a steroid injection, and referral back to Eastern Oregon's physician. Those requests were consistently denied by Two Rivers as unwarranted.

Plaintiff petitioned for a writ of habeas corpus, claiming that Two Rivers had been deliberately indifferent to his medical needs, and so had subjected him to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.[1] After the writ issued, defendant filed a return, to which plaintiff then filed a replication and later an amended replication. In December 2003, after those filings but four months before trial, plaintiff was transferred back to Eastern Oregon.

---

[1] In his amended replication, plaintiff contended that Two Rivers's allegedly deliberate indifference to his medical needs constituted cruel and unusual punishment in violation of the Fourteenth Amendment to the United States Constitution. On appeal, plaintiff cites the Eighth Amendment to the United States Constitution, in which the guarantee against such punishment is actually expressed.

At trial, plaintiff maintained that the same allegedly indifferent care that he had received at Two Rivers was continued after his transfer to Eastern Oregon. During closing argument, defendant argued that the case was moot because plaintiff's habeas corpus claim was against Two Rivers, and plaintiff was no longer in the custody of Two Rivers. The trial court agreed, noting that "habeas corpus does run to the Superintendent of the institution," and dismissed the case as moot.

On appeal, plaintiff urges us to reverse the trial court's ruling, arguing that his habeas corpus claim is not moot. Defendant, in turn, offers no argument in support of the trial court's mootness ruling, and instead urges us to affirm on an alternative basis, namely that, as a matter of law, plaintiff's evidence at trial failed to establish that Two Rivers was deliberately indifferent to plaintiff's medical condition.

■ We decline defendant's invitation to proceed directly to the merits. A controversy is not justiciable where the court's decision on the matter before it cannot have a practical effect on the rights of the parties. *Brumnett v. PSRB*, 315 Or 402, 405, 848 P2d 1194 (1993). If the trial court was correct that it was precluded from reaching the merits of this case because it was moot, then we cannot reach the merits here on appeal.

Plaintiff argues both that the trial court was not "automatically" divested, by statute, of jurisdiction over plaintiff's claim by virtue of his transfer to Eastern Oregon, and that the substance of plaintiff's claim is unchanged by the transfer.

■■ The Supreme Court has described two general categories of claims for which habeas corpus relief may be available: (1) where a prisoner, though validly in custody, is "subjected to a further imprisonment or restraint * * * that would be unlawful if not justified to the court," and (2) where other deprivations of a prisoner's legal rights occur and "no other timely remedy is available to the prisoner." *Penrod / Brown v. Cupp*, 283 Or 21, 28, 581 P2d 934 (1978). A claim alleging medical indifference falls within the second category. Here,

the question is whether plaintiff's particular claim of medical indifference survives his transfer to a different institution.

■ Plaintiff's first argument is based on ORS 34.320, which instructs circuit courts to transfer proceedings when a habeas corpus plaintiff is transferred to an institution that is outside its jurisdiction.[2] Plaintiff is correct that transfer of an inmate does not require dismissal of *some* habeas corpus claims, such as those challenging incarceration or parole, and other deprivations, which, if not remedied, will continue to affect an inmate's rights. Such claims may remain valid notwithstanding that a plaintiff has been transferred to another institution within the state. *See McGee v. Johnson*, 161 Or App 384, 387, 984 P2d 341 (1999) ("[T]he mere change in physical location of a plaintiff, in and of itself, does not deprive the court of jurisdiction to proceed with the habeas claim."). But where habeas corpus relief is sought with respect to allegedly indifferent medical care, the claim is directed at a specific defendant. Where that defendant supervised the institution to which a plaintiff was *formerly* confined, a court faced with a habeas corpus claim could not, by granting what is requested, secure for the transferred inmate improved medical treatment at plaintiff's new institution. Here, plaintiff's claim is based on alleged medical indifference. Accordingly, his case is among those in which a mere "change in location may render a plaintiff's claims moot." *Id.*

In his second argument, plaintiff maintains that his claim for habeas corpus relief is unaffected by the transfer because the medical care he subsequently received at Eastern Oregon was no better than the allegedly indifferent care he had received at Two Rivers. Assuming, without deciding, that plaintiff received deliberately indifferent care at Two Rivers, his transfer to Eastern Oregon ended Two

---

[2] ORS 34.320 provides:

"The circuit court * * * may issue, hear and decide all questions arising upon habeas corpus. If a plaintiff has filed a petition in a court with jurisdiction over the proceedings, and the plaintiff is thereafter transferred * * * the court shall transfer the proceedings to the circuit court for the judicial district in which the party is imprisoned or restrained. If the court in which the petition was filed determines that by reason of the plaintiff's transfer the claims of the plaintiff do not require immediate judicial scrutiny, or are otherwise subject to dismissal, the court shall dismiss the petition."

Rivers's role as plaintiff's medical provider. Plaintiff alleges only deliberately indifferent care at Two Rivers, and no record evidence leads us to conclude that Two Rivers either directed or limited the medical care plaintiff received after his transfer back to Eastern Oregon. Absent such a showing, plaintiff's second argument provides this court with no reason to disturb the trial court's ruling that plaintiff's claim against Two Rivers was moot.

Finally, plaintiff stresses that "a claim of cruel and unusual punishment based on a denial of medical care is not necessarily peculiar to the conditions of a particular institution. Cruel and unusual punishment may be inflicted at any institution." That much certainly is true. It does not follow, however, that a court may find a violation at one institution simply because it might find a violation at another. To secure relief against Eastern Oregon, a claim would need to be directed at Eastern Oregon. Plaintiff also maintains that, "[i]f the circuit court was correct, then habeas corpus is a dead letter, and defendants can avoid answering any habeas corpus claims by the simple expedient of moving the plaintiff to another prison." But plaintiff does not assert, nor does the record reflect, that defendant sought to evade plaintiff's claim by transferring him to a different institution so that the trial court would be unable to order habeas corpus relief and, in the absence of such a claim coupled with supporting evidence, we will not speculate about the reason plaintiff was transferred between institutions.

For the above reasons, we conclude that the trial court correctly dismissed the writ of habeas corpus as moot.

Affirmed.