Argued and submitted June 26, affirmed July 24, 2002

ROBERT GHOLSTON,
*Appellant,*

*v.*

Joan PALMATEER,
Superintendent,
Oregon State Penitentiary,
*Respondent.*

99C-19013; A109189

51 P3d 617

Liza Langford argued the cause and filed the brief for appellant.

Erika L. Hadlock, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Brewer, Judge.

LANDAU, P. J.

**LANDAU, P. J.**

Plaintiff appeals a judgment dismissing a writ of habeas corpus. The principal issue is whether the Board of Parole and Post-Prison Supervision (board) has authority to require an inmate to undergo a psychological evaluation before being released on parole. We conclude that it does and affirm.

The relevant facts are uncontested. In 1977, the legislature enacted ORS 144.223(1), which provides:

> "The State Board of Parole and Post-Prison Supervision may require any prisoner being considered for parole to be examined by a psychiatrist or psychologist before being released on parole."

In 1985, plaintiff was convicted of kidnapping and robbery. He was sentenced to 20 years on the kidnapping charges, with a 10-year minimum, and 10 years on the robbery charge. In 1988, the board adopted an administrative rule that provides that the board

> "may administratively rescind a parole release date for serious misconduct, when a prisoner has refused to participate in psychiatric or psychological evaluation, which was ordered by the board pursuant to ORS 144.125(3), prior to the prisoner's release on parole."

OAR 255-50-013(1) (1988). In 1995, plaintiff refused to participate in a psychological evaluation. The following year, the board deferred his release based on that refusal. Plaintiff then filed a petition for a writ of habeas corpus, alleging that he is being illegally confined, because the board deferred his release based on an administrative rule that had not been adopted until three years after his crimes were committed. The trial court issued a writ, defendant superintendent filed a return, plaintiff filed a replication, and defendant moved to dismiss. The trial court granted defendant's motion, and plaintiff appeals.

Plaintiff repeats his contention that the board's deferral of his release violates the constitutional prohibition on *ex post facto* laws, because the board necessarily relied on an administrative rule that was not in existence at the time

his crimes were committed. Citing a per curiam opinion in *Turner v. Thompson*, 157 Or App 182, 968 P2d 858 (1998), *rev'd on other grounds* 330 Or 361, 6 P3d 1102 (2000), defendant argues that the board's decision was authorized by ORS 144.223(1), which the legislature enacted eight years before plaintiff's crimes were committed. Plaintiff replies that *Turner* is no longer good law and should be overruled. In particular, he contends that *Turner* cannot be reconciled with *Beveridge v. Johnson*, 157 Or App 57, 967 P2d 1238 (1998).

As we have noted, ORS 144.223(1) provides that the board may *require* any prisoner being considered for parole to participate in a psychiatric or psychological examination *before* being released on parole. The plain import of that statute is that, if the prisoner refuses to participate in such an examination, the board is not obligated to release him or her. The fact that the board did not adopt an administrative rule concerning the matter does not change the fact that the statute expressly authorizes the board to require a prisoner to participate in a psychiatric or psychological examination before being released on parole.

That is what we held in *Turner*. The plaintiff in that case argued that the board lacked authority to require him to undergo a psychological evaluation. We held that ORS 144.223(1) expressly provides that authority. *Turner*, 157 Or App at 183. The Supreme Court reversed that decision on grounds unrelated to that issue. Even if no longer controlling as a matter of precedent, *Turner* remains correctly reasoned on the issue of the board's authority to require participation in a psychiatric or psychological evaluation before being released on parole.

*Beveridge* is not to the contrary. In that case, the prisoner was released on parole. The board later rescinded its parole release decision based on, among other things, the prisoner's refusal to submit to a psychological examination. We held that ORS 144.223(1) results in *deferral* of a release date, but not in its *rescission. Beveridge*, 157 Or App at 62. That statute, we held, "does not give the board authority to require plaintiff, *who had already been validly paroled*, to undergo a psychological evaluation to determine whether his parole should be revoked." *Id.* at 63 (emphasis added).

In this case, plaintiff had not been paroled at the time of the challenged decision, and the board rescinded nothing. It deferred a release date based on his refusal to participate in a psychiatric or psychological evaluation, which ORS 144.223(1), *Turner,* and *Beveridge* make clear the board was authorized to do.

Plaintiff advances other arguments, which we reject without discussion.

Affirmed.