Argued and submitted April 5, affirmed September 22, 1993

# CARMEN McCLINTOCK,
*Appellant,*

*v.*

# Robert SCHIEDLER,
Superintendent,
Oregon Women's Correctional Center,
*Respondent.*

## (92C-11119; CA A76814)

859 P2d 580

Garrett A. Richardson, Portland, argued the cause and filed the brief for appellant.

Paul Migchelbrink, Certified Law Student, Salem, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Michael D. Reynolds, Assistant Attorney General, Salem.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Plaintiff appeals from a judgment granting defendant's motion to dismiss her writ of *habeas corpus.* ORS 34.680(1). We affirm.

Plaintiff filed a sworn petition for a writ of *habeas corpus* alleging that defendant failed to provide her with adequate medical and dental care in violation of the Eighth and Fourteenth Amendments to the United States Constitution and Article I, sections 13 and 16, of the Oregon Constitution. The court issued a writ, defendant filed a return, and plaintiff filed a replication that stated her allegations in detail. Defendant moved to dismiss the writ pursuant to ORS 34.680(1) and provided evidence, including an affidavit and exhibit, that tended to show that plaintiff could not establish a claim for relief.[1] Plaintiff did not respond, and the court dismissed the writ.

■ ORS 34.680(1) was enacted in 1991 and authorizes the court to make a summary determination of a *habeas corpus* proceeding without an evidentiary hearing. It provides, in part:

"The defendant may, at any time after the writ issues, move to dismiss the writ on the grounds that the pleadings, including the petition, the return, the replication, if any, and any supporting evidence, demonstrate that plaintiff has failed to state or establish a claim for habeas corpus relief." ORS 34.680(1).

That procedure was intended to be the functional equivalent of a motion for summary judgment.[2]

---

[1] In support of his motion to dismiss, defendant provided evidence that, in the six months before her petition, plaintiff was seen by the health services staff 18 times and was given one dental exam. An affidavit of the Health Services Manager at the Oregon Women's Correctional Center stated that plaintiff's medical records showed that plaintiff was never diagnosed with heart disease or seizures as she claims.

[2] Assistant Attorney General Jan Londahl testified before the legislature:

"[This bill] provide[s] for what amounts to a motion for summary judgment, which gets a good bit deeper than the motions to strike we are familiar with in habeas practice. The opportunity to provide * * * supporting evidence * * * to the motion to dismiss * * * in effect turns it into a motion for summary judgment." Tape Recording, House Judiciary Committee, Crime and Corrections Subcommittee, February 13, 1991, Tape 22, Side A at 305-350.

■      Plaintiff contends that her sworn petition and the replication controvert the evidence that accompanied the motion to dismiss and that they require an evidentiary hearing. The sworn petition states, as material:

"[T]he Petitioner had been denied legal medical services for her medical problems, and was refuse [sic] any xrays [sic] or the right kind of Medication for her medical problems. Also the Medical staff at OWCC refuse to listen to Miss McClintock [and] refuse to call her mother or her Doctors to get any information on her."

She also said that staff members made "prejudice/harassing remarks" to upset her, that she has emotional problems and that she is a handicapped person. Even if we accept those statements as true, they do not describe deprivations of a prisoner's rights that would require immediate judicial scrutiny for which other remedies are not actually available to plaintiff. *Penrod/Brown v. Cupp*, 283 Or 21, 28, 581 P2d 934 (1978). For that reason, we have no occasion to decide whether a verified petition constitutes evidence that may be sufficient to establish a claim for *habeas corpus* relief and defeat a motion to dismiss under ORS 34.680(1).

■      Plaintiff's replication is not sufficient to establish her claim, because it is a pleading, not evidence. *Bedell v. Schiedler*, 307 Or 562, 567, 770 P2d 909 (1989), says:

"The replication to the return is the plaintiff's principal pleading. The plaintiff is not required to file a replication. ORS 34.670. In the replication, the plaintiff may controvert any of the material facts in the return, or allege therein any fact showing grounds for habeas corpus relief. ORS 34.670. The replication must allege with particularity facts which, if true, would entitle the plaintiff to habeas corpus relief. *See Smallman v. Gladden*, 206 Or 262, 270, 291 P2d 749 (1956). A replication may controvert any material fact in a return, or it may allege any fact showing grounds for habeas corpus relief. ORS 34.670. If the defendant agrees, the petition may be treated as the replication. A defendant may move to strike any new matter in the replication, or may controvert it by proof. ORS 34.680."

ORS 34.670 provides:

"The plaintiff in the proceeding, on the return of the writ, *may, by replication, signed as in an action, controvert any of the material facts set forth in the return,* or the plaintiff may

allege therein any fact to show, either that imprisonment or restraint of the plaintiff is unlawful, or that the plaintiff is entitled to discharge; and thereupon the court or judge shall proceed in a summary way to hear such evidence as may be produced in support of or against the imprisonment or restraint, and to dispose of the party as the law and justice of the case may require." (Emphasis supplied.)

That statute entitles plaintiff to state, in the replication, allegations sufficient to constitute a claim for relief, and thereby overcome a motion to dismiss that asserts that deficiency in her pleading. It does not transform a replication into an affidavit or other evidence that is sufficient to overcome a motion to dismiss for failure to establish a claim for *habeas corpus* relief. Because neither the petition nor the replication constituted evidence that controverted defendant's evidence filed in support of the motion to dismiss, the court did not err in granting the motion.

■     Plaintiff also argues that the trial court's failure to state the reasons for the dismissal is an alternative ground for reversal. The judgment provides:

"The Court has reviewed and considered the pleadings, exhibits and arguments of counsel. Plaintiff did not file an objection to the motion to dismiss. The Court finds that the defendant's Motion to Dismiss is well taken, and therefore is ALLOWED."

There is no statutory requirement that a trial court make findings when it allows a motion to dismiss under ORS 34.680. The court explained that plaintiff failed to respond to defendant's motion. The record here is adequate for review.

Affirmed.