Submitted on record and briefs June 22, reversed and remanded August 30, 2000

ROBERT EARL FORT,
*Appellant,*

*v.*

Joan PALMATEER,
Superintendent,
Oregon State Penitentiary,
*Respondent.*

(99C-14738; CA A108265)

10 P3d 291

Christopher J. Eggert filed the brief for petitioner.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Stacey Guise, Assistant Attorney General, filed the brief for respondent.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

WOLLHEIM, J.

**WOLLHEIM, J.**

Plaintiff appeals from the trial court's dismissal of his writ of habeas corpus in which he alleged his food was intentionally contaminated with saliva and other unknown bodily excretions. We reverse and remand.

Plaintiff is an inmate at the Oregon State Penitentiary (OSP). In March 1999, plaintiff was placed in segregation. Plaintiff filed a petition for a writ of habeas corpus, alleging that he was improperly housed in segregation[1] and that while he was there, his meal trays were contaminated with saliva and other bodily excretions of OSP staff and corrections officers. Plaintiff alleged that the contamination of his food violated his constitutional rights against cruel and unusual punishment under Article I, section 16, of the Oregon Constitution,[2] and the Eighth Amendment to the United States Constitution.[3] Defendant filed a motion to dismiss based on a failure to state a claim for relief, and the trial court granted defendant's motion.

■      A motion to dismiss a writ of habeas corpus is treated as the functional equivalent of a summary judgment motion. *McClintock v. Schiedler*, 123 Or App 334, 336 n 2, 859 P2d 580 (1993). We review the record in the light most favorable to the nonmoving party, *Jones v. General Motors Corp.*, 325 Or 404, 420, 939 P2d 608 (1997), and for errors of law, *Bedell v. Schiedler*, 307 Or 562, 564, 770 P2d 909 (1989).

■ ■      Habeas corpus proceedings are governed by ORS 34.310 to ORS 34.730. *Bedell*, 307 Or at 565. A petition must state more than mere conclusions; it must allege with particularity facts, which, if true, would entitle the plaintiff to habeas corpus relief. *Id.* at 566; ORS 34.360. Plaintiff alleges that he is entitled to relief because the prison staff is contaminating his food.

---

[1] Plaintiff's argument that he was improperly housed in segregation is without merit, and we consider only the contaminated food issue.

[2] Article I, section 16, provides that "[c]ruel and unusual punishments shall not be inflicted, but all penalties shall be proportioned to the offense."

[3] The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

■ While alleging violations of both the state and federal constitutions, plaintiff made no separate argument under the Oregon Constitution. Therefore, we do not address his state constitutional claim. *See Umatilla County v. $18,005 in U.S. Currency*, 142 Or App 513, 516, 921 P2d 426, *rev den* 324 Or 395 (1996).

■ While this court has not previously addressed whether the intentional contamination of an inmate's food violates the Eighth Amendment, the Ninth Circuit addressed a similar issue in *Keenan v. Hall*, 83 F3d 1083 (9th Cir 1996). The precise issue under the Eighth Amendment is whether prison personnel, through deliberate indifference, are depriving plaintiff of the minimum civilized measure of life's necessities. *Id.* at 1089.

In *Keenan*, an inmate was placed in administrative segregation. While the plaintiff was in segregation, he complained that many of the conditions of his confinement were intolerable, including, *inter alia*, being served spoiled food. The plaintiff alleged that the food was "spoiled, tampered with, cold, raw, [and failed] to meet a balanced nutritional level * * *." *Id.* at 1091 (brackets in original). The plaintiff claimed his Eighth Amendment rights were violated. The district court, on summary judgment, dismissed the plaintiff's claim. On appeal, the Ninth Circuit reversed as to the plaintiff's spoiled food claim.

In reversing, the Ninth Circuit held that "food that is spoiled * * * would be inadequate to maintain health." *Id.* Although the defendant provided evidence that the food was not spoiled, the court concluded that there was a disputed issue of material fact. Therefore, summary judgment was not appropriate. *Id.* We find that analysis persuasive.

The allegations here are similar to the allegations in *Keenan*.[4] While defendant here denied the substance of plaintiff's allegations,[5] plaintiff, by affidavit, presented evidence

---

[1] We perceive no difference between "contaminated" food here and "spoiled" food as in *Keenan*.

[5] Defendant also argued that we should conclude that, because plaintiff ate the food, the food was not contaminated. That conclusion would be a *non sequitur*. Defendant was statutorily required to provide plaintiff with adequate food.

that his food was contaminated. Summary judgment was not appropriate given this dispute of material fact.

Reversed and remanded.

.

---

ORS 423.020(1)(d). Because all of plaintiff's food came from defendant, plaintiff had no choice but to eat the food defendant served.