Argued and submitted April 8, 2002, appeal dismissed March 13, 2003

SCOTT A. LOVELACE,
*Appellant,*

*v.*

Mitch MORROW,
Superintendent,
Oregon State Correctional Institution,
*Respondent.*

98C-21204; A106854

64 P3d 1201

Harrison Latto argued the cause and filed the briefs for appellant.

Kelly Knivila, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

Plaintiff appeals the trial court's dismissal of his claim that he is entitled to habeas corpus relief. Defendant asserts that plaintiff's appeal is untimely and must be dismissed. As explained below, we agree with defendant that this appeal is untimely and dismiss the appeal.

The pertinent procedural facts are as follows. Plaintiff petitioned for a writ of habeas corpus and, in January 1999, the trial court issued the writ ordering defendant to file a return. Defendant filed a return asserting that plaintiff's confinement was lawful. Plaintiff filed a replication and later an amended replication that took the place of the petition and became the operative complaint. *See generally Bedell v. Schiedler*, 307 Or 562, 566-67, 770 P2d 909 (1989) (explaining pleading sequence in habeas corpus proceedings). Defendant subsequently moved to dismiss the writ on the ground that plaintiff had failed to state or establish a claim for habeas corpus relief. *See* ORS 34.680(1) (after writ issues, defendant may move to dismiss the writ on the ground that the pleadings and any supporting evidence demonstrate that plaintiff has failed to state or establish a claim for habeas corpus relief); *McClintock v. Schiedler*, 123 Or App 334, 336, 859 P2d 580 (1993) (motion to dismiss after issuance of writ is "the functional equivalent of a motion for summary judgment"). The trial court granted the motion.

On May 24, 1999, the trial court entered a judgment of dismissal with prejudice, stating that, "for the reasons set forth in Defendant's Motion to Dismiss the Writ of Habeas Corpus, the Court finds that Plaintiff's petition fails to state a claim for Habeas Corpus relief * * *."

That judgment ordered that the petition be dismissed with prejudice. Shortly thereafter, plaintiff moved to amend the judgment pursuant to ORCP 71 A, which permits courts to amend judgments to correct clerical mistakes, arguing that, instead of dismissing the "petition," the court should have dismissed the "replication." On June 25, 1999, the trial court entered the amended judgment, changing the references therein from "petition" to "replication."

■■ On June 30, 1999, plaintiff filed a notice of appeal from the May 24, 1999, judgment. This court, by order, dismissed the appeal as untimely and denied plaintiff's motion to file a delayed appeal on the ground that there exists no statutory authority to allow the filing of a delayed appeal in a habeas corpus case. Thereafter, plaintiff filed a motion to reconsider the order of dismissal, bringing to this court's attention, for the first time, the amended judgment dismissing the replication that had been entered on June 25, 1999. Plaintiff argued that, although the notice of appeal was not filed within 30 days of the original judgment, it was nonetheless timely because it was filed within 30 days of the amended judgment. Defendant did not oppose plaintiff's motion for reconsideration. We granted reconsideration and reinstated the appeal in an order that stated:

> "If a notice of appeal is filed within 30 days of the date of an appealable judgment, the appeal is considered timely, even if the notice references the wrong date and has attached to it the wrong document. *Werline v. Webber*, 54 Or App 415[, 635 P2d 15] (1981)[, *rev den*, 292 Or 450 (1982)]; *Grant County Federal Credit Union v. Hatch*, 98 Or App 1, 6, [777 P2d 1388, *rev den*, 308 Or 592] (1989). The notice of appeal was filed within 30 days of the only valid judgment in this case and the appeal may go forward from that judgment."[1]

Plaintiff then briefed the merits of his appeal. Defendant, in his response brief, moved to dismiss the appeal. *See generally* ORAP 7.15(3) (motions to challenge court's jurisdiction may be resubmitted without leave of the court). Defendant argues that the amended judgment did not extend the time for filing a notice of appeal under the rule of law announced in *Mullinax v. Mullinax*, 292 Or 416, 425-26, 639 P2d 628 (1982):

---

[1] Plaintiff filed a second motion for relief from judgment under ORCP 71 A on the ground that the judgment should have dismissed the "writ" rather than the "petition" or "replication," because the replication did not state a ground for relief. The trial court granted that motion and entered a second amended judgment, but plaintiff did not file an amended notice of appeal from that judgment; thus, the second amended judgment is not before us. However, plaintiff is not relying on the second amended judgment and, in light of our disposition of plaintiff's attempt to appeal after entry of the original and first amended judgment, neither the trial court's entry of the second amended judgment nor plaintiff's failure to appeal from it affects the outcome of this appeal.

"[W]hether the time for appeal should be measured from the original judgment or the amended judgment [depends] upon: (1) whether the amendment, in effect, either materially alters rights or obligations determined by the prior judgment or, (2) whether, because of the nature of the amendment, a right of appeal is created where one did not exist before. If the amendment is found to have either of these effects, the time for appeal is measured from the entry of the amended judgment. If, on the other hand, such effects do not result from the correction of the 'clerical error,' the amendment does not extend the time allowed for appeal."

(Internal citations and footnote omitted.)

Plaintiff, in his reply brief, asserted that, under *Mullinax*, although the amended judgment did not create a right to appeal where one did not exist before, it did materially alter rights or obligations determined by the prior judgment. Most of plaintiff's arguments center on the fact that the original "petition" contained numerous matters not repeated in the amended replication. From that fact, plaintiff reasons that his rights are materially altered because, should he file future habeas corpus petitions, "claim preclusion" will be determined based on the operative pleading in the present proceeding.

At least two potential issues are presented here. (1) Was the original judgment an appealable judgment? If the original judgment was not appealable but the amended judgment was appealable, then a second question arises as to whether the notice of appeal sufficiently identified the appealable judgment, as was the case in *Werline* and *Grant County Federal Credit Union*. (2) If the original judgment was appealable, did the first amended judgment "materially alter[ ] rights and obligations determined by the prior judgment," *Mullinax*, 292 Or at 425, such that the time of appeal should be measured from the amended judgment?

■ The starting point of our analysis is whether the original judgment was appealable. As noted, we implied in our previous order that it was not. However, rulings concerning our jurisdiction are always open to reconsideration. *See generally North Pacific Ins. Co. v. Switzler*, 143 Or App 223, 227 n 2, 924 P2d 839 (1996) (court must always consider whether

it has subject matter jurisdiction). Here, both parties assert (plaintiff explicitly and defendant implicitly) that the original judgment in this case was appealable. On reconsideration of our previous order, we agree with the parties that the trial court's original judgment was an appealable event.

It is undisputed that, in general, a trial court's judgment dismissing with prejudice a plaintiff's claims for habeas corpus relief is an appealable judgment. *See* ORS 34.710 (any party to a habeas corpus proceeding "may appeal from the judgment of the court refusing to allow such writ or any final judgment therein"). A court may dispose of a habeas corpus action in numerous ways. It may "deny" the petition as meritless pursuant to ORS 34.370(2)(b)(A) and enter a judgment "without prejudice" pursuant to ORS 34.370(3). It may, before the writ issues, "deny the petition" on the defendant's motion that the petition fails to state a claim for habeas corpus relief. ORS 34.680(1). It can also, as noted above, "dismiss the writ" after it has issued if the defendant so moves "on the ground that the pleadings, including the petition, the return, the replication, if any, and any supporting evidence, demonstrate that plaintiff has failed to state or establish a claim for habeas corpus relief." ORS 34.680(1). Of course, it may grant or deny the plaintiff the requested relief after a trial. ORS 34.700. Any such order may result in an appealable judgment.

The narrow question presented here is whether a trial court, in granting a motion to dismiss, is required to use certain language, *e.g.*, "dismiss the writ," "deny the petition," "dismiss the petition," or "dismiss the replication," depending on the procedural posture of the case, in order to enter an appealable judgment. For the following reasons, we conclude that it is not, at least in circumstances such as these where the judgment indicates a clear intent to reject the plaintiff's claims and terminate the proceeding.

As noted, the habeas corpus statutes make reference to denying "the petition" if the court disposes of the case before a writ has issued and to dismissing "the writ" if a defendant moves to dismiss after a writ has issued. ORS

34.370; ORS 34.680. The statutes do not specify any particular language to be used if the court enters judgment after conducting a hearing. *See, e.g.*, ORS 34.695; ORS 34.700. If the court disposes of a case before hearing, it is logically consistent with general practice to deny or dismiss the petition (or replication if that is the operative pleading). The statutory reference to dismissal of "the writ" in ORS 34.680(1) is somewhat anomalous, given that the writ merely requires the defendant to file a return or, in some circumstances, to produce the plaintiff before the court. ORS 34.421. Nonetheless, the statutory context of ORS 34.680(1) makes it clear that dismissal of "the writ" results in the dismissal of the plaintiff's claim for habeas corpus relief.

■      Case law, however, reflects that there is no consistent practice as to when a trial court denying habeas corpus relief denies or dismisses the "petition" or "replication," dismisses the "writ," or dismisses the "claim." Case law does establish, however, that no jurisdictional defect is present in a judgment dismissing a habeas corpus "petition" where the operative pleading actually was the "replication." *See, e.g., Bedell*, 307 Or at 564-65, 565 n 4 (trial court granted defendant's motion to dismiss the "petition" after a writ was issued; court noted in passing that the motion was improperly directed against the petition rather than the replication); *Gage v. Maass*, 306 Or 196, 202-03, 759 P2d 1049 (1988) (trial court dismissed "the writ" on defendant's motion to dismiss "the petition"; court noted that the motion should not have been directed against the petition but concluded that the "procedure followed does not bring into question the jurisdiction of either the Court of Appeals or this court").[2] We conclude, based on our case law and the statutory framework discussed above, that no "magic words" are required in order to render a judgment in a habeas corpus case appealable, so

[2] Similarly, our cases indicate that we have drawn no distinction of jurisdictional significance where the trial court dismisses the "petition" rather than the "writ" in accordance with the procedures set forth in ORS 34.680. *Compare Colby v. Thompson*, 183 Or App 311, 313, 52 P3d 1058 (2002), *rev den*, 335 Or 180 (2003) (plaintiff appealed dismissal of "petition" after issuance of writ), *and Burnett v. Lampert*, 173 Or App 577, 579, 25 P3d 337 (2001), *rev'd in part on other grounds*, 333 Or 398 (2002) (same), *with Gholston v. Palmateer*, 183 Or App 7, 9, 51 P3d 617 (2002) (plaintiff appealed dismissal of "writ" after its issuance), *and Fort v. Palmateer*, 169 Or App 568, 570, 10 P3d 291 (2000) (same).

long as it is clear that the trial court intended to make a final disposition of the plaintiff's claims.

Given that conclusion, we must retreat from our ruling in our prior order that the "notice of appeal was filed within 30 days of the only valid judgment in this case * * *." We now conclude that the May 24 judgment, dismissing with prejudice plaintiff's "petition" for failure to state a claim for habeas corpus relief, was an appealable judgment because the trial court clearly intended by that judgment to dispose of plaintiff's claim for habeas corpus relief.

■ As we have concluded that the original judgment in this case was an appealable judgment, the question becomes whether the first amended judgment "materially alter[ed] rights or obligations determined by the prior judgment * * *," *Mullinax*, 292 Or at 425, such that the time for filing an appeal should be measured from the amended judgment. Such a determination does not hinge on whether the amendment to the judgment was deemed to be "clerical," but on how the amendment affects the rights of the parties. In *Mullinax*, the amended judgment corrected a clerical error to reflect the decision as announced by the court in its memorandum opinion but "had the effect of reducing the net amount received by wife for support of the child from $200 to $150 per month." *Mullinax*, 292 Or at 430. By contrast, in *State v. Christopherson*, 159 Or App 428, 432, 978 P2d 1039, *rev den*, 329 Or 126 (1999), we concluded that an amended judgment that corrected a mathematical error did not materially alter any rights or obligations because, although a total was stated incorrectly, the defendant's "obligations under the judgment could never have been greater than the sum total of the individual money judgments" listed in the original judgment.

Plaintiff's sole contention that the amended judgment materially altered his rights is that dismissal of the "petition" rather than the "replication" could affect whether a future petition for habeas corpus relief is barred by claim preclusion. He reasons that, because the trial court dismissed the "petition," all matters asserted in the "petition" cannot be raised in a subsequent habeas corpus proceeding due to claim preclusion. Implicit in his argument is the notion that, although relitigation of issues raised in his "replication"

should be barred by claim preclusion, litigation of issues raised in his "petition" should not.

Plaintiff is incorrect in that regard. ORS 34.710 provides that "[n]o question once finally determined upon a proceeding by habeas corpus shall be reexamined upon another proceeding of the same kind." In *Barber v. Gladden*, 215 Or 129, 133-34, 332 P2d 641 (1958), the court interpreted that statute:

> "[ORS 34.710] is a legislative declaration that the principle of res judicata [or claim preclusion] is applicable to habeas corpus proceedings. That principle precludes the relitigation not only of matters actually determined in a prior proceeding but also matters which could properly have been determined in such earlier proceeding. * * *.

> "* * * * *

> "We interpret our own statute, ORS 34.710, to mean that a denial of the writ of habeas corpus is res judicata on a subsequent application for the writ, not only upon grounds which *were* alleged, but also upon grounds which *could have been alleged* in the prior habeas corpus proceeding."

(Emphasis in original; citations omitted.) *See also Wagy v. Armenakis*, 152 Or App 210, 213-14, 953 P2d 428, *rev den*, 327 Or 174 (1998) (trial court properly dismissed subsequent habeas corpus petition where issues presented in second petition were raisable in first petition). In any subsequent petition for a writ of habeas corpus, plaintiff will be precluded from raising not only matters that were alleged in the present proceeding, but also matters that could have been alleged. Thus, it makes no difference whether the trial court purported to dispose of his claim based on the petition or on the replication, as ORS 34.710 would bar relitigation of matters presented in either pleading, as well as any other matters that could have been raised in the pleadings at that time.

In sum, the May 24, 1999, judgment was an appealable judgment. The amended judgment entered on June 25, 1999, did not materially alter any rights or obligations determined by the May 24 judgment, and thus the time for filing

an appeal ran from the May 24 judgment. Plaintiff's notice of appeal filed on June 30, 1999, therefore was untimely.

Appeal dismissed.