Submitted on record and briefs January 5, judgment dismissing writ reversed; order to pay $33 filing fee affirmed March 28, 2007

**DOUGLAS WAYNE DUNN,**
*Plaintiff-Appellant,*

*v.*

**Jean HILL,**
**Superintendent,**
**Snake River Correctional Institution,**
*Defendant-Respondent.*

Malheur County Circuit Court
05084588M; A130665

156 P3d 72

Douglas Wayne Dunn filed the brief *pro se*.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Denise G. Fjordbeck, Senior Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

ROSENBLUM, J.

## ROSENBLUM, J.

Plaintiff appeals the dismissal of the writ of habeas corpus. ORS 34.710. He contends that the trial court erred in granting defendant's motion to dismiss the writ for failure to state a claim, in denying plaintiff's motion to amend his replication, and in ordering him to pay a $33 filing fee. For the reasons explained below, we agree that the trial court erred in granting defendant's motion to dismiss the writ; accordingly, we reverse the judgment. We affirm the court's order imposing a $33 filing fee.

Plaintiff, an inmate of the Snake River Correctional Institution, petitioned the trial court for a writ of habeas corpus, ORS 34.310 to 34.730, alleging three claims: (1) that defendant violated plaintiff's constitutional rights by confining him to disciplinary segregation based on insufficient evidence and without a hearing; (2) that defendant violated plaintiff's constitutional rights by denying him access to the courts; and (3) that defendant violated plaintiff's right to free speech and freedom of the press by interfering with or censoring his mail. It is plaintiff's second claim that is the subject of this appeal;[1] we therefore limit our further recitation of the facts to those that relate to that claim.

Proceeding *pro se*, plaintiff filed his petition, along with $28 for the filing fee, on August 8, 2005. Plaintiff's petition alleged, in part, the following:

"The Plaintiff has applied any available administrative remedies, and now the Plaintiff relies upon this Habeas Corpus action pursuant to ORS 34.310 et seq. because:

"(a)   The Plaintiff's claim(s) require(s) immediate judicial scrutiny; and

"(b)   This action is the Plaintiff's only means of securing the relief sought.

"* * * * *

---

[1] The trial court granted defendant's supplemental motion to dismiss plaintiff's first claim—the "further confinement" claim—on the ground that it was moot, and plaintiff does not challenge the ruling on appeal. A writ of habeas corpus did not issue as to plaintiff's third claim.

"SECOND CLAIM FOR RELIEF

"Plaintiff is denied access to the court in violation of the DUE PROCESS and DUE COURSE OF LAW clause of the United States and Oregon Constitutions. The Defendant has denied the Plaintiff access to the Court in the following particulars:

"1.) Defendant refuses to grant the Plaintiff access to his legal pleadings and research that was stored on computer disk at the Oregon State Penitentiary. These pleadings include the Plaintiff's Appellate Brief in Case No. CA: A124874, as well as materials related to Dunn v. Belleque, Marion County Case No. 05C-13456. Both cases are currently pending;

"2.) Defendant refuses to grant Plaintiff access to an adequately equipped Law Library. Defendant has refused to obtain copies of recent court rulings. These rulings have been cited by the Attorney General in Case No. 05C-13456. Plaintiff is therefore unable to adequately and meaningfully defend against the [Attorney General's] pleadings which cite such cases."

(Uppercase in original.)

Plaintiff subsequently received notice from the court that he had been ordered to pay a $33 filing fee, $5 of which was still owing. In response, plaintiff "objected" to the court's order, arguing that the filing fee was $28, not $33, under the version of ORS 34.340 in effect at the time he filed his petition. The court did not rule on plaintiff's objection.

Meanwhile, defendant moved to deny the petition on the ground that plaintiff's "access to the courts" claim failed to state a cognizable habeas corpus claim because other adequate remedies are available. The trial court subsequently issued a writ that included plaintiff's access to the courts claim, thereby rejecting defendant's motion to deny as to that claim. Defendant then filed a return, establishing that plaintiff was in lawful custody, and plaintiff filed a replication in response. Plaintiff's replication alleged, in part:

"Plaintiff is denied access to the courts, by the Defendant, in violation of the Due Process and Due Course of Law provisions of the Fourteenth Amendment to the United

States Constitution and Article I § 10 of the Oregon Constitution. The Defendant has denied the Plaintiff access to the courts by failing to grant the Plaintiff access to, and/or maintain, an adequately equipped law library."

On October 14, 2005, defendant filed a motion to dismiss the writ under ORS 34.680(1). As it pertained to plaintiff's "access to the courts" claim, defendant asserted that plaintiff's replication failed to state a claim for relief. Specifically, defendant argued that the replication "failed to plead ultimate facts showing a rights violation." Defendant argued that plaintiff lacked standing and that plaintiff failed to demonstrate the need for immediate judicial action and the absence of another remedy at law.

Plaintiff responded, on October 24, 2005, with a motion for leave to amend his replication, along with an amended replication purporting to address the deficiencies identified by defendant;[2] plaintiff also filed a response to defendant's motion to dismiss.

---

[2] Plaintiff's amended replication stated, in part:

"Plaintiff is denied access to the courts, by the Defendant, in violation of the Due Process Clause of the FOURTEENTH Amendment to the United States Constitution, and, by impeding the administration of justice in violation of Article I, section 10, of the Oregon Constitution in the following particulars:

"1.) The Defendant has failed to grant the Plaintiff access to a properly or sufficiently maintained law library. The Defendant has failed to timely update the Oregon Reports, Pacific Reporter or the Supreme Court Reports. The Plaintiff has several pending legal cases. The Attorney General has cited recently decided cases in Plaintiff's post-conviction case, (Dunn v. Belleque), Marion Case No. 05C-13456). The Plaintiff cannot meaningfully respond to the Defendant's pleadings which cite recently decided cases, thereby, the Defendant's failure to timely update its law library improperly impedes the Plaintiff's access to the courts.

"2.) The Defendant has failed to grant the Plaintiff access to Chapter 692 of the Oregon Laws. The Plaintiff cannot and could not have timely raised a claim in a petition for post-conviction relief that the 67th Legislative Assembly unconstitutionally amended OAR 253-04-006(3) by failing to publish the amended rule at full length in violation of Article IV, section 22, of the Oregon Constitution. Without access to the Oregon Session Laws, the Plaintiff cannot determine if such a claim is meritorious, or if so, he could not sufficiently argue and support such a claim.

"3.) The Defendant has repeatedly placed the Plaintiff in segregation as discussed in the First Claim for Relief, and has refused to allow the Plaintiff access to his legal materials. These legal materials include legal documents previously possessed by the Plaintiff, audio recordings of disciplinary hearings (or a transcript thereof), and documents prepared by the Plaintiff and stored on a computer disk. The Plaintiff has spent many months working on these materials and prior to their completion, the Defendant places the Plaintiff in

After a hearing, the court concluded:

> "[L]ooking at the four corners of these motions as they are now spread out, I would find that the motion to dismiss, that is the supplemental motion, is allowed because it [the further confinement claim] is moot. On the second cause of action [alleging denial of access to the courts], I find that it's not included with your—your remedy for—habeas corpus relief. Since that is moot, so would the—your claims under the amended petition. So I see no reason to allow your motion to amend, and I'm going to deny all of your motions, and allow the motion to dismiss the petition."

Accordingly, the court entered a general judgment dismissing the writ.

On appeal, plaintiff asserts that the trial court erred in (1) denying his motion for leave to amend his replication; (2) dismissing the writ on the ground that habeas corpus relief is not available for an access to court claim; and (3) ordering plaintiff to pay a $33 filing fee.

Before addressing plaintiff's assignments of error, we briefly discuss the law governing pleading practice in habeas corpus actions.[3] The action begins with the filing of a

---

segregation and refuses the Plaintiff access to these materials, thereby interfering with the Plaintiff's access to the courts.

"4.) The Defendant refuses to furnish the Plaintiff with a suitable writing surface or pen for the preparation of legal documents. The Plaintiff is housed in disciplinary segregation in which there is no desk, table or other suitable writing surface. Plaintiff is forced to write either on the floor or standing against a wall. The Defendant's failure to provide a suitable writing surface or pen for the preparation of legal pleadings unduly hampers the Plaintiff's access to the courts by forcing the Plaintiff to submit illegible legal writings and/or by forcing the Plaintiff to endure undue [dis]comfort in the preparation of legal pleadings.

"The Defendant's confinement of the Plaintiff has resulted in the above constitutional deprivations. The Plaintiff has no other available means to secure relief from the above deprivations and/or the Defendant's actions have prevented the Plaintiff from accessing the means to such relief. The Plaintiff requires the Court's immediate judicial scrutiny in addressing these claims so that the Plaintiff may further access the courts to seek relief from his unlawful confinement or to release the Plaintiff from that confinement so that such access to the courts is not necessary."

(Uppercase in original.)

[3] The availability of the writ habeas corpus, guaranteed by Article I, section 23, of the Oregon Constitution, is set forth in ORS 34.310, which provides, in part:

"Every person imprisoned or otherwise restrained of liberty, within this state, except in the cases specified in ORS 34.330, may prosecute a writ of habeas

petition for a writ of habeas corpus. ORS 34.340. The purpose of the petition is to secure the writ. *Id.* If the writ issues, it requires the defendant to file a return, ORS 34.421; on the return of the writ, the plaintiff may, but is not required to, file a replication. ORS 34.670.[4] In the replication, the plaintiff may controvert any of the material facts set forth in the return, or the plaintiff may allege any fact showing grounds for habeas corpus relief. *Id.; McClintock v. Schiedler*, 123 Or App 334, 338, 859 P2d 580 (1993) ("[ORS 34.670] entitles plaintiff to state, in the replication, allegations sufficient to constitute a claim for relief, and thereby overcome a motion to dismiss that asserts that deficiency in her pleading.").

■ *Before* the writ issues, the defendant may move to *deny the petition* on the basis that it fails to state a claim for habeas corpus relief; at any time *after* the writ issues, the defendant may move to *dismiss the writ* on the same basis, that is, that it fails to state a claim for relief, *or* on the basis that it fails to establish a claim for relief. Both motions are governed by ORS 34.680(1), which provides:

> "The defendant may, before the writ issues, move to deny the petition on the grounds that the petition fails to state a claim for habeas corpus relief. The defendant may, at any time after the writ issues, move to dismiss the writ on the grounds that the pleadings, including the petition, the return, the replication, if any, and any supporting evidence, demonstrate that plaintiff failed to state or establish a claim for habeas corpus relief."

We have previously noted that a motion to dismiss the writ is the "functional equivalent of a motion for summary judgment." *McClintock*, 123 Or App at 336; *see also Roy v. Palmateer*, 194 Or App 330, 335, 95 P3d 1124 (2004), *rev'd*

---

corpus to inquire into the cause of such imprisonment or restraint, and if illegal, to be delivered therefrom."

[4] ORS 34.670 provides:

"The plaintiff in the proceeding, on the return of the writ, may by replication, signed as in an action, controvert any of the material facts set forth in the return, or the plaintiff may allege therein any fact to show, either that imprisonment or restraint of the plaintiff is unlawful, or that the plaintiff is entitled to discharge. Thereupon the court or judge shall proceed in a summary way to hear such evidence as may be produced in support of or against the imprisonment or restraint, and to dispose of the party as the law and justice of the case require."

*and rem'd on other grounds*, 339 Or 533, 124 P3d 603 (2005); *Fort v. Palmateer*, 169 Or App 568, 570, 10 P3d 291 (2000). However, when, as here, the motion to dismiss the writ under ORS 34.680(1) is for failure to *state*, rather than failure to *establish*, a claim for relief, and no supporting evidence is presented,[5] the more appropriate analog is a motion to dismiss under ORCP 21 A(8) for failure to state ultimate facts sufficient to constitute a claim. Indeed, defendant assumes as much in his motion to dismiss. In a case that was vacated and remanded for other reasons, we said:

> "Thus, a motion to dismiss under ORS 34.680(1) is, *when supported by affidavits and related evidentiary materials*, the functional equivalent of a motion for summary judgment."

*Keenan v. Maas*, 138 Or App 576, 579, 911 P2d 331, *vac'd and rem'd on other grounds*, 324 Or 230, 923 P2d 1200 (1996). Consistently with that decision, we conclude that a motion to dismiss under ORS 34.680(1) for failure to *state* a claim that is *unsupported* by evidentiary materials should be treated as comparable to an ORCP 21 A(8) motion, rather than as the equivalent of a motion for summary judgment.[6]

With that background in mind, we turn to plaintiff's assignments of error, beginning with his contention that the trial court erred in granting defendant's motion to dismiss the writ on the ground that plaintiff's "access to the courts" claim failed to state a claim for relief. We review the trial court's decision for errors of law. *Bedell v. Schiedler*, 307 Or 562, 564, 770 P2d 909 (1989).

---

[5] Although defendant submitted exhibits pertaining to plaintiff's "further confinement" claim, no evidentiary materials were provided in support of its motion to dismiss plaintiff's "access to the courts claim"—the claim that is the subject of this appeal.

[6] Other previous cases are not to the contrary. For example, in *McClintock*, the court treated the defendant's motion to dismiss as a motion to dismiss for failure to *establish* a claim. 123 Or App at 338 ("[ORS 34.680(1)] does not transform a replication into an affidavit or other evidence that is sufficient to overcome a motion to dismiss for failure to establish a claim for *habeas corpus* relief."). In *Roy*, the trial court had granted the defendant's motion to dismiss the writ on the ground that habeas corpus relief was not the appropriate remedy. 194 Or App at 333. In *Fort*, although the motion to dismiss was characterized as being based on failure to state a claim for relief, the plaintiff had presented evidence tending to establish her claim. 169 Or App at 571-72. By contrast, in this case, neither party has presented any evidence pertaining to plaintiff's claim of denial of access to the courts.

■ When a plaintiff's claim is based, as it is here, on the deprivation of a prisoner's legal rights (often referred to as a "conditions of confinement" claim),[7] it must, among other requirements, "[s]tate facts in support of a claim that the person is deprived of a constitutional right that requires immediate judicial attention and for which no other timely remedy is practicably available to the plaintiff." ORS 34.362(2). As the Supreme Court explained in *Penrod / Brown v. Cupp*, 283 Or 21, 28, 581 P2d 934 (1978),

> "we emphasize the two essential elements that must coincide to make the writ of habeas corpus a proper instrument of judicial inquiry: The need for immediate attention, if this appears from the urgency of the harm to which the prisoner claims to be exposed or if it is found to be required as a matter of constitutional law, and the practical inadequacy of an alternative remedy to meet this need. Of course, it does not follow that upon issuance of the writ the prisoner will in fact be entitled to relief. We hold only that if these two elements appear from the petition, habeas corpus is not unavailable as a matter of law."

Plaintiff must state more than mere conclusions; rather, he or she must allege with particularity facts that, if true, would entitle him or her to habeas corpus relief. *Bedell*, 307 Or at 566. A plaintiff must also allege facts showing that the violation has affected him or her individually. *Id.* However, "strict rules of pleading are not enforced in habeas corpus actions; petitions should be construed liberally and not voided for mere technical defects." *Id.*

We begin with the first requirement for stating a claim for habeas corpus relief under ORS 34.262(2)—that is, the deprivation of a constitutional right requiring immediate judicial attention. In this case, the constitutional deprivation of which plaintiff complains is his right of access to the courts. That right, premised on the Due Process and Equal Protection Clauses of the United States Constitution, *Murray v. Giarratano*, 492 US 1, 11, 109 S Ct 2765, 106 L Ed

---

[7] Habeas corpus relief may also be available to challenge an inmate's original or continued confinement, *see* ORS 34.360(2), ORS 34.610, or to assert that the prisoner is lawfully confined, but is being subjected to further unlawful imprisonment. *Colby v. Thompson*, 183 Or App 311, 316, 52 P3d 1058 (2002), *rev den*, 335 Or 180, *cert den*, 539 US 948 (2003).

2d 1 (1989), is well established.[8] *Bounds v. Smith*, 430 US 817, 821, 97 S Ct 1491, 52 L Ed 2d 72 (1977). In *Bounds*, the United States Supreme Court affirmed a court order requiring North Carolina to make law library facilities available to inmates, holding that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828.

Subsequently, in *Lewis v. Casey*, 518 US 343, 116 S Ct 2174, 135 L Ed 2d 606 (1996), the Court emphasized that the right protected by the constitution is not the right to a law library or to legal assistance, *per se*, but the right of *access to the courts*—that is, the right to " 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.' " *Id.* at 351 (quoting *Bounds*, 430 US at 825). The Court further explained that it is not enough for an inmate to complain that the prison law library or legal assistance program is "subpar in some theoretical sense"; rather, an inmate alleging a violation of the right of access must demonstrate relevant "actual injury" to establish unconstitutional restriction of that access. In other words, the inmate "must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program *hindered his efforts to pursue a legal claim.*" *Id.* (emphasis added).

The Court also rejected the suggestion that the "actual injury" requirement could be satisfied by the presentation of a frivolous claim, *id.* at 352 n 2, or by showing that *any type* of legal claim has been frustrated:

> "*Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are

---

[8] Although plaintiff alleges, generally, violations of both the state and federal constitutions, plaintiff made no separate argument under the Oregon Constitution. Therefore, we do not address his state constitutional claim. *See Fort*, 169 Or App at 571.

those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."

*Id.* at 355 (emphasis in original).

Defendant's position on appeal is that plaintiff's pleadings, "both as originally presented and as proposed to be amended," fail to allege facts that, even if true, would establish a deprivation of this constitutional right. We understand defendant to be making essentially three arguments supporting that position: (1) plaintiff failed to demonstrate "actual injury" as required by *Lewis*; (2) plaintiff did not allege an impairment of his ability to *file* a claim, which, according to defendant, is as far as the constitutional right of access to the courts extends; and (3) because the constitution requires only that plaintiff be provided with *either* an adequate law library *or* adequate assistance from persons trained in the law, plaintiff's pleadings are insufficient because they fail to allege that he was denied counsel to assist him in pursuing his claims. We consider each argument in turn.

■ First, considering the pleadings, including plaintiff's petition and replication,[9] ORS 34.680(1), we do not agree that plaintiff has failed to allege facts sufficient to establish actual injury. Plaintiff does not assert that the prison law library is generally deficient; rather, he alleges that he has pending legal cases, including a post-conviction case, and that defendant's failure to maintain an adequate law library, and failure to allow him access to his pleadings and legal research stored on computer disk at the Oregon State Penitentiary, has impeded his ability to meaningfully pursue those cases. Moreover, plaintiff's petition alleges that defendant has

---

[9] Although defendant's motion to dismiss asserted specifically that plaintiff's *replication* failed to state a claim, ORS 34.680(1) provides that a writ may be dismissed on the ground that "the *pleadings*, including the petition, the return, the replication, if any, and any supporting evidence," demonstrate failure to state or establish a claim. (Emphasis added.) We therefore consider plaintiff's petition as well as the replication. Defendant's return is not helpful to our resolution of the issues, thus, we need not decide whether it is properly considered in a motion to dismiss for failure to *state* a claim under ORS 34.680(1). We do not consider plaintiff's proffered amended replication at this time.

"refused to obtain copies of recent court rulings" that have been cited by the Attorney General in plaintiff's post-conviction case and that, therefore, plaintiff is "unable to adequately and meaningfully defend against the [Attorney General's] pleadings which cite such cases."

Plaintiff's allegations that he is unable to review and respond to cases cited by his opponent in a pending legal case would, if true, certainly "hinder [ ] his efforts to pursue" those claims. *Lewis*, 518 US at 351. Knowledge of the current state of the law is, of course, essential to prosecuting or defending a claim in any arena. Without access to the resources from which to gain that knowledge, plaintiff is at a significant disadvantage, a disadvantage that could easily prove fatal to his claims. *See McGee v. Baldwin*, 183 Or App 1, 6, 51 P3d 614 (2002) (under *Lewis*, it is not enough to show that it is "more difficult than it might be" for an inmate to pursue a claim; the kind of injury contemplated by *Lewis* is the type that would be fatal to a claim).

However, as the Court in *Lewis* also made clear, the injury requirement is not satisfied by "just any type of frustrated legal claim." 518 US at 354. Rather, the tools that the state is required to provide are those that are necessary for inmates to "attack their sentences, directly or collaterally," and "to challenge the conditions of their confinement." *Id.* at 355. Here, plaintiff alleges that he has been hindered from pursuing post-conviction relief—the mechanism provided under state law for a convicted defendant to collaterally challenge his or her conviction, appeal, or sentence.[10] That, we conclude, is sufficient to satisfy *Lewis*'s admonition.

---

[10] To be eligible for post-conviction relief under ORS 138.530, a petitioner must establish one or more of the following grounds:

"(a) A substantial denial in the proceedings resulting in petitioner's conviction, or in the appellate review thereof, of petitioner's rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void.

"(b) Lack of jurisdiction of the court to impose the judgment rendered upon petitioner's conviction.

"(c) Sentence in excess of, or otherwise not in accordance with, the sentence authorized by law for the crime of which petitioner was convicted; or unconstitutionality of such sentence.

"(d) Unconstitutionality of the statute making criminal the acts for which petitioner was convicted."

■    Defendant next contends that plaintiff's pleadings fail to state a cognizable claim because plaintiff has not alleged difficulties in *filing* a legal complaint, only in *prosecuting* pending claims. We disagree that the constitutional right of access to the courts is so limited. At the least, the constitutional requirement extends *throughout* the pleading stage.

In *Bounds,* although the Supreme Court noted in a footnote that its "main" concern was "protecting the ability of an inmate to prepare a petition or complaint," 430 US at 828 n 17 (internal quotation marks omitted), it also stressed the inmate's need to be able to rebut the state's pleadings:

> "[I]f the State files a response to a *pro se* pleading, it will undoubtedly contain seemingly authoritative citations. Without a library, an inmate will be unable to rebut the State's argument. It is not enough to answer that the court will evaluate the facts pleaded in light of the relevant law. Even the most dedicated trial judges are bound to overlook meritorious cases without the benefit of an adversary presentation."

*Id*. at 826. The Ninth Circuit, relying in part on that language, subsequently held that the right of access to the courts requires assistance through the pleading stage, including in the "preparation of a reply to an answer, cross-claim or counterclaim." *Cornett v. Donovan,* 51 F3d 894, 900 (9th Cir 1995), *cert den,* 518 US (1996). Nothing the Court said in *Lewis* limits that conclusion. Indeed, in *Lewis,* the Court did not focus on any particular phase of litigation, but rather on whether an inmate has had an adequate, effective, and meaningful opportunity to present his claims to the court. The Court emphasized that *"meaningful access"* is the touchstone; to establish unconstitutional restriction of that access, an inmate must show that "the alleged shortcomings * * * hindered his efforts to *pursue* a legal claim." 518 US at 351 (internal quotation marks omitted; emphasis added).

Here, plaintiff alleges that he is unable to "adequately and meaningfully defend against the [Attorney General's] pleadings which cite such cases." That is precisely the deficiency that the Court condemned in *Bounds.* Although plaintiff does not identify the *specific* pleadings at issue, he

does allege that the impediment affected his ability to respond to *pleadings*, not some other legal instrument. We conclude that this is sufficient, even under *Cornett*, to allege that plaintiff was deprived of a meaningful opportunity to present his claims to the court as required by the constitution.

Finally, defendant argues that plaintiff's pleadings are deficient because they fail to allege that he has been refused the assistance of counsel in pursuing his legal claims. According to defendant, because the right of access requires prisoners to be provided with either adequate law libraries *or* adequate assistance from legally trained people, and the State of Oregon provides counsel to prisoners who wish to pursue post-conviction actions, plaintiff must also allege that he was denied counsel to pursue those claims. We reject that argument as well.

As noted, the Supreme Court has made clear that the state has an affirmative duty to provide constitutionally adequate access to the courts, *Bounds*, 430 US at 828, and that the provision of an adequate law library or the assistance of legally trained people are but two of the constitutionally permissible alternatives for satisfying that duty, *Lewis*, 518 US at 351. The burden of demonstrating the adequacy of the chosen method, however, is on the state. *Storseth v. Spellman*, 654 F2d 1349, 1352 (9th Cir 1981); *see also Rich v. Zitnay,* 644 F2d 41, 43 (1st Cir 1981) (it was error to dismiss a "lack of access" claim because it failed to contain allegations of fact suggesting why the alternative to a law library offered by the state was inadequate). Defendant's construction of the pleading requirements—that to state a claim plaintiff must allege the inadequacy of the various methods the state might choose to meet its constitutional requirements—would, we think, improperly shift that burden to plaintiff. *See Rich,* 644 F2d at 43. Plaintiff has properly alleged lack of access to the courts; if there are adequate alternative methods by which plaintiff's right of access is satisfied, that is up to the state to demonstrate.

We conclude that plaintiff has adequately pleaded facts that, if true, would constitute the deprivation of a constitutional right requiring immediate judicial scrutiny. We

turn to the second "essential element" for stating a habeas corpus claim—that it "appear[ ] to the court that no other timely remedy is available to the prisoner." *Penrod/Brown*, 283 Or at 28.

■    In *Barrett v. Belleque*, 209 Or App 295, 150 P3d 1064 (2006), we considered that requirement in the context of the trial court's *sua sponte* denial of a writ based on the plaintiff's due process challenge to his placement in the Intensive Management Unit (IMU) at Snake River Correctional Institution. In that case, we concluded that the plaintiff could bring his challenge as an action under 42 USC section 1983; thus, because the plaintiff had another adequate remedy he was, as a matter of law, not entitled to habeas corpus relief. *Id.* at 300-01. In so deciding, we reviewed our cases and cases of the Supreme Court and noted that, generally, the cases in which habeas corpus has been found to be the only appropriate remedy have involved ongoing concerns about health or safety. *Id.* at 300. In other contexts, habeas corpus plaintiffs have consistently been found to have had available alternative legal remedies. *Id.* at 299-300.

None of those prior cases, however, involved the deprivation of a prisoner's constitutional right of access to the courts to pursue a pending claim for post-conviction relief. In that context, it appears to us that other legal remedies, such as injunctive or declaratory relief, are not practical alternatives, given that, in the meantime, plaintiff's post-conviction claims may very well be dismissed due to his inability to meaningfully respond to his opponent's pleadings. Defendant does not argue otherwise on appeal. We note also that the trial court, in *issuing* the writ, rejected defendant's motion to deny the petition for failure to state a claim based on that argument. We conclude that plaintiff has adequately alleged facts demonstrating that habeas corpus relief is the only adequate remedy practically available.

In sum, we hold that, when construed liberally, the pleadings—specifically, plaintiff's petition and replication—state sufficient facts to allege a claim for relief based on the denial of his constitutional right of access to the courts. Therefore, the trial court erred in granting defendant's motion to dismiss the writ on the ground that plaintiff failed

to state a claim for habeas corpus relief. Because of that conclusion, we need not consider whether the trial court also erred in denying plaintiff an opportunity to amend his replication.

Plaintiff's final assignment of error challenges the trial court's order requiring him to pay $33 for filing his petition for a writ of habeas corpus. Plaintiff argues that the filing fee in effect at the time he filed his petition, August 8, 2005, was $28. Although defendant concedes error, we do not accept defendant's concession in this instance.

ORS 34.340 governs filing fees in habeas corpus actions. In 2003, the legislature amended ORS 34.340, which provided for a filing fee of $25, to require an additional $8 surcharge. Or Laws 2003, ch 737, § 32. The surcharge was applicable to petitions filed between September 1, 2003 and June 30, 2005, after which date it expired and the filing fee increased to $28. Or Laws 2003, ch 737, §§ 32-34.

In 2005, the legislature again amended ORS 34.340, continuing both the $8 surcharge and the $25 filing fee through December 31, 2006. Or Laws 2005, ch 702, §§ 37-38. That change did not become effective, however, until August 3, 2005, when the bill was signed into law by the Governor. Thus, between July 1 and August 2, 2005, the filing fee was $28 with no surcharge; beginning August 3, 2005, and continuing through December 31, 2006, the $8 surcharge was reinstated and the filing fee reverted to $25. Consequently, on August 8, 2005, the date that plaintiff filed his petition, ORS 34.340 required a filing fee of $25, plus a surcharge of $8. Therefore, the trial court did not err in ordering plaintiff to pay $33 to file his petition.

Judgment dismissing writ reversed; order to pay $33 filing fee affirmed.