NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 11 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DARREN HOGUE, | No. 17-35393 |
| Petitioner-Appellant, | D.C. No. 2:12-cv-02300-CL |
| v. | |
| MARK NOOTH, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted July 9, 2018[**]
Portland, Oregon

Before: WARDLAW and OWENS, Circuit Judges, and MARQUEZ,[***] District
Judge.

Darren Hogue, an Oregon state prisoner, appeals from the denial of his

petition for a writ of habeas corpus. As the parties are familiar with the facts, we

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Rosemary Marquez, United States District Judge for
the District of Arizona, sitting by designation.

do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Petitioner's waiver of any collateral challenge to his conviction or sentence does not strip this court of jurisdiction under 28 U.S.C. § 2254 because his petition challenges that waiver's validity on ineffective-assistance grounds. *Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005).

2. The Oregon post-conviction-relief ("PCR") court adjudicated petitioner's ineffective-assistance claim "on the merits," and 28 U.S.C. § 2254(d) therefore applies. In addition to finding that petitioner had failed to file his state habeas petition within his appeal waiver's sixty-day deadline, the PCR court also found "that petitioner was of sound mind, and that he executed the waiver of post conviction remedies and collateral relief freely, voluntarily and knowingly." This invocation of the test for the constitutional validity of guilty pleas, *see North Carolina v. Alford*, 400 U.S. 25, 31 (1970), indicates that the court "understood itself to be deciding a question with federal constitutional dimensions," *Johnson v. Williams*, 568 U.S. 289, 305 (2013), in turn indicating that the court sought to address petitioner's claim on its merits.

The lack of an express reference to *Strickland v. Washington*, 466 U.S. 668 (1984), or *Hill v. Lockhart*, 474 U.S. 52 (1985), does not indicate otherwise. The PCR court's application of the due-process "voluntary and knowing" test

2

necessarily reflected a judgment that petitioner's counsel had adequately investigated petitioner's case and advised him about his plea agreement: were that not so, petitioner's plea and post-conviction-remedies waiver could be neither voluntary nor intelligent. *See Hill*, 474 U.S. at 56-57; *Washington*, 422 F.3d at 872-73.

Contrary to petitioner's argument, the PCR court's use of the term "dismissal" in disposing of his petition sheds no light on whether the court adjudicated petitioner's claim "on the merits"; Oregon law uses the term "dismissal" to describe the adverse disposition of a state habeas petition even when the petition is resolved on its merits. *See* Or. Rev. Stat. § 34.680(1); *Dunn v. Hill*, 156 P.3d 72, 76 (Or. Ct. App. 2007). Finally, we reject petitioner's reliance on respondent's state-court briefing, which does not overcome the express indications in the PCR court's decision that it evaluated petitioner's claim "based on the intrinsic right and wrong of the matter," *Johnson*, 568 U.S. at 303.

3. Petitioner offers no clear and distinct argument that the PCR court's adjudication of the merits of his claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or that it "was based on an unreasonable determination of the facts" under 28 U.S.C. § 2254(d). He has therefore forfeited any argument that he has overcome that provision. *See Avila v. L.A. Police Dep't*,

3

758 F.3d 1096, 1101 (9th Cir. 2014).

4.  Because 28 U.S.C. § 2254(d) governs, and because petitioner has forfeited any argument that the state PCR court's resolution of his claim was either contrary to or an unreasonable application of clearly established federal law, our inquiry is restricted to the factual record before the state courts, and petitioner is not entitled to an evidentiary hearing.  *See Cullen v. Pinholster*, 563 U.S. 170, 182-85 (2011); *see also* 28 U.S.C. § 2254(d)(2) (restricting federal habeas review to "the evidence presented in the State court proceeding").

**AFFIRMED.**