UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DARREN HOGUE, | No.    17-35393 |
| Petitioner-Appellant, | D.C. No. 2:12-cv-02300-CL<br>District of Oregon,<br>Pendleton |
| v. | |
| MARK NOOTH, | ORDER |
| Respondent-Appellee. | |

Before:  WARDLAW and OWENS, Circuit Judges, and MÁRQUEZ,[*] District Judge.

The panel has voted to deny Petitioner-Appellant's petition for panel rehearing.  Judges Wardlaw and Owens have voted to deny Petitioner-Appellant's petition for rehearing en banc, and Judge Márquez has so recommended.

The full court has been advised of the petition for rehearing en banc, and no judge of the court has requested a vote on it.

The panel has voted to amend the memorandum disposition filed on July 11, 2018.  The superseding amended memorandum disposition will be filed concurrently with this order.

The petitions for panel rehearing and for rehearing en banc are denied.  No

_____

[*]     The Honorable Rosemary Márquez, United States District Judge for the District of Arizona, sitting by designation.

further petitions for rehearing or petitions for rehearing en banc will be entertained.

**FILED**

UNITED STATES COURT OF APPEALS

SEP 7 2018

FOR THE NINTH CIRCUIT

DARREN HOGUE,

                Petitioner-Appellant,

   v.

MARK NOOTH,

                Respondent-Appellee.

No.   17-35393

D.C. No. 2:12-cv-02300-CL

AMENDED MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted July 9, 2018[**]
Portland, Oregon

Before: WARDLAW and OWENS, Circuit Judges, and MÁRQUEZ,[***] District
Judge.

     Darren Hogue, an Oregon state prisoner, appeals from the denial of his

petition for a writ of habeas corpus. As the parties are familiar with the facts, we

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]   The Honorable Rosemary Márquez, United States District Judge for
the District of Arizona, sitting by designation.

do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Petitioner's waiver of any collateral challenge to his conviction or sentence does not strip this court of jurisdiction under 28 U.S.C. § 2254 because his petition challenges that waiver's validity on ineffective-assistance grounds. *Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005).

2. The Oregon post-conviction-relief ("PCR") court adjudicated petitioner's ineffective-assistance claim "on the merits," and 28 U.S.C. § 2254(d) therefore applies. In addition to finding that petitioner had failed to file his state habeas petition within his appeal waiver's sixty-day deadline, the PCR court also found "that petitioner was of sound mind, and that he executed the waiver of post conviction remedies and collateral relief freely, voluntarily and knowingly." This invocation of the test for the constitutional validity of guilty pleas, *see North Carolina v. Alford*, 400 U.S. 25, 31 (1970), indicates that the court "understood itself to be deciding a question with federal constitutional dimensions," *Johnson v. Williams*, 568 U.S. 289, 305 (2013), in turn indicating that the court sought to address petitioner's claim on its merits.

The lack of an express reference to *Strickland v. Washington*, 466 U.S. 668 (1984), or *Hill v. Lockhart*, 474 U.S. 52 (1985), does not indicate otherwise: even if contrary to clearly established federal law, the PCR court's application of the

due-process "voluntary and knowing" test indicates that it sought to render a judgment on petitioner's claim based on "the intrinsic rights and wrongs of [the] case as determined by matters of substance, in distinction from matters of form." *Johnson*, 568 U.S. at 302 (emphasis and alteration removed) (quoting Black's Law Dictionary 1199 (9th ed. 2009)).

Contrary to petitioner's argument, the PCR court's use of the term "dismissal" in disposing of his petition sheds no light on whether the court adjudicated petitioner's claim "on the merits"; Oregon law uses the term "dismissal" to describe the adverse disposition of a state habeas petition even when the petition is resolved on its merits. *See* Or. Rev. Stat. § 34.680(1); *Dunn v. Hill*, 156 P.3d 72, 76 (Or. Ct. App. 2007). Finally, we reject petitioner's reliance on respondent's state-court briefing, which does not overcome the express indications in the PCR court's decision that it evaluated petitioner's claim "based on the intrinsic right and wrong of the matter." *Johnson*, 568 U.S. at 303.

3. Petitioner offers no clear and distinct argument that the PCR court's adjudication of the merits of his claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or that it "was based on an unreasonable determination of the facts" under 28 U.S.C. § 2254(d). He has therefore waived any argument that he has overcome that provision. *See Avila v. L.A. Police Dep't*,

3

758 F.3d 1096, 1101 (9th Cir. 2014).

Petitioner raises *Lafler v. Cooper*, 566 U.S. 156, 172–73 (2012), for the first time in his petition for rehearing or rehearing en banc. Under longstanding circuit precedent, petitioner's reliance on that case is waived "because at no point in this litigation until the petition for rehearing did [he] argue that we should apply [*Lafler*], or even consider it." *Picazo v. Alameida*, 366 F.3d 971, 971–72 (9th Cir. 2004); *see also, e.g., Fields v. Palmdale Sch. Dist.*, 447 F.3d 1187, 1190 (9th Cir. 2006) (per curiam) ("We do not consider on rehearing new issues previously not raised, briefed or argued.").

4. Because 28 U.S.C. § 2254(d) governs, and because petitioner has waived any argument that the state PCR court's resolution of his claim was either contrary to or an unreasonable application of clearly established federal law, our inquiry is restricted to the factual record before the state courts, and petitioner is not entitled to an evidentiary hearing. *See Cullen v. Pinholster*, 563 U.S. 170, 182–85 (2011); *see also* 28 U.S.C. § 2254(d)(2) (restricting federal habeas review to "the evidence presented in the State court proceeding").

**AFFIRMED.**

4